IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ABDULSALAM ALI ABDULRAHMAN AL-HELA,**<br>    Petitioners,<br><br>*v.*<br><br>**GEORGE W. BUSH, President of the United States,** *et al.*,<br>    Respondents. | Civil Action No. 05-1048 (HHK) |

**MOTION AND MEMORANDUM IN SUPPORT OF MOTION
FOR WRIT OF HABEAS CORPUS OR ORDER TO SHOW CAUSE**

Petitioner, a prisoner of the United States held at Guantánamo, respectfully moves for a writ of habeas corpus or an order to show cause why the writ should not issue, returnable by Respondents not later than Friday, June 3, 2005. This Court has previously ordered Respondents to file a factual return in the habeas case of an identically situated Guantánamo prisoner. *Al-Mohammed v. Bush*, 05-CV-00247 (D.D.C. Apr. 30, 2005) (attached as Ex. A). The Court should similarly order Respondents to file a factual return for Petitioner.

As part of their trial preparation, counsel for Mr. Al-Hela will be visiting Yemen from June 11 through 19, 2005. While there, counsel will meeting with Mr. Al-Hela's family. Counsel have also requested permission to visit to Mr. Al-Hela in Guantánamo that same week. It would greatly help counsel to have the return – and greatly prejudice counsel not to have the return – by the time they leave for Yemen and, hopefully, Guantánamo, so they can ask informed questions of Mr. Al-Hela and his family based on the unclassified information in the return.

The return for Mr. Al-Hela, like the returns for the other Guantánamo prisoners, will consist of the administrative record of the Combatant Status Review Tribunal proceeding confirming

his status as an "enemy combatant." Requiring Respondents to produce that record in the form of a return before counsel leave for Yemen on June 11 should work no hardship on Respondents, who have done the same for scores of other petitioners in these habeas cases.

Counsel for Petitioner sought to avoid burdening the Court with this matter, proposing to Respondents a stipulation in which they would agree to provide the factual return by the statutory return date of June 1, 2005, Email from Marc Falkoff to Andrew Warden, May 25, 2005 (attached as Ex. B), and Petitioner in return would agree to a delimited stay of proceedings, such as the stay entered by this Court in *Al-Mohammed*.

Regrettably, Respondents summarily rejected counsel's proposal, Email from Terry Henry to Marc Falkoff, May 26, 2005 (attached as Ex. C), forcing Petitioner to burden the Court with a matter that should have been resolved consensually in view of the Court's prior order in *Al-Mohammed*. At least six of the other Judges of this Court who have been assigned detainee cases since Judge Green entered her stay order on February 3, 2005 have ordered the Government to produce factual returns, even while entering orders otherwise staying those cases.[1]

---

[1] *Kurnaz v. Bush*, 04-CV-1135 (ESH), 2005 WL 839542, at *1 (D.D.C. Apr. 12, 2005) (Ex. D) (stating that habeas counsel require access to the full factual returns now "to ensure that the proceedings can continue in an orderly fashion in the event that the detainees prevail on appeal"); *Al-Adahi v. Bush*, 05-CV-280 (GK), slip op. at 2 & n.1 (D.D.C. Apr 29, 2005) (Ex. E) (ordering production of factual returns so petitioners' counsel "can begin preparing their defense well in advance of any ruling by the Court of Appeals"); *Al-Anazi v. Bush*, 05-CV-0345 (JDB), slip op. at 20 (D.D.C. Apr. 21, 2005) (Ex. F) (staying proceedings but ordering Government to produce factual returns, noting that "the factual returns appear necessary for petitioners' counsel effectively to represent petitioners," and that "even initial conversations by counsel with their clients may be very difficult without access to that basic factual information"); *Tumani v. Bush*, 05-CV-0526 (RMU), slip op. at 2 (D.D.C. Apr. 19, 2005) (Ex. G) ("[P]etitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients."); *see also Al-Shamri v. Bush*, 05-CV-551 (RWR), slip op. at 4 (D.D.C. May 10, 2005) (Ex. H) (staying proceedings but ordering the Government to produce factual returns); *El-Banna v. Bush*, 04-CV-1144 (RWR), slip op. at 7 (D.D.C. Apr. 8, 2005) (Ex. I) (same);
(continued…)

Petitioner's counsel are duty-bound to prepare now for the eventuality of a habeas hearing. Ongoing trial preparation is necessary because memories fade, witnesses move, die, or change jobs, and documentary evidence disappears. As the Eighth Circuit has stated, "The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time . . . ." *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978). In light of counsel's impending visit to Yemen and possible mid-June visit to Guantanamo, the need for expedition in this case is particularly marked.

WHEREFORE, Petitioner respectfully requests that the writ or an order to show cause be issued forthwith, returnable by Respondents not later than June 3, 2005.

Dated: Washington, D.C.

May 27, 2005

Respectfully submitted,

COVINGTON & BURLING

By:  /s/
David H. Remes
D.C. Bar No. 370782
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Tel: (202) 662-5212
Fax: (202) 778-5212

Marc D. Falkoff
D.C. Bar No. 491149
1330 Avenue of the Americas
New York, New York 10019
Tel: (212) 841-1166
Fax: (646) 441-9166

---

*Al-Oshan v. Bush*, 05-CV-0520 (RMU), slip op. at 2 (D.D.C. Apr. 7, 2005) (Ex. J) (same); *Errachidi v. Bush*, No. 05-CV-00640 (EGS) (D.D.C. Apr. 21, 2005) (minute order) (same).