*CLEARED FOR PUBLIC FILING BY THE CSO*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULSALAM ALI ABDULRAHMAN AL-HELA, *et al.*,<br>    Petitioners,<br><br>v.<br><br>GEORGE W. BUSH, President of the United States, *et al.*,<br>    Respondents. | Civil Action No. 05-1048 (RMU) |

### REPLY IN SUPPORT OF MOTION FOR PRESERVATION ORDER

1.    Contrary to Respondents' assertion, Opp. 2, the "weight of authority" is that a party seeking a preservation order need *not* satisfy the four requirements for issuance of an injunction. To be sure, some district courts have characterized preservation orders as injunctions. But we are aware of no case in which a district court has required the movant to demonstrate a "substantial likelihood of success on the merits." As one district court has observed, this element is "irrelevant" on a motion to preserve evidence. *Cunningham v. Bower*, Civ. No. 89-21-1-S, 1989 WL 35993, at *1 (Mar. 21, 1989).

2.    There is no material difference between the two-part test for issuance of a preservation order outlined in *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 137-38 (Fed. Cl. 2004), and the three-part test outlined in *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D. Pa. 2004). The "necessity" factor of *Pueblo of Laguna* embraces two of the three *Capricorn Power* factors, and the last factor is the same in both cases.

3.    Respondents assert that a preservation order is unnecessary, Opp. 3, but their only response to the reports of document destruction cited by Petitioners, *see* Mot. 2 & Exs. D-F, is that the reported destruction occurred in Iraq and Afghanistan, and not in Guantánamo. Respon-

dents do not deny these reports but simply assert that they do not sufficiently establish official malfeasance. *Id.* at 5. That is a straw man. These reports show, at a minimum, that a preservation order is needed to ensure that Respondents will prevent evidence from being destroyed.

4.    Respondents assert that a preservation order would be redundant because they intend to preserve the documents in question and because Judge Kessler has already entered an order requiring them to do so. Opp. 4 & n.4. This assertion, however, is fatal to Respondents' claim that the requested order would be "unduly burdensome." *Id.* at 6. By Respondents own admission, the order "will not impose any harm or prejudice upon them." *Abdah v. Bush*, Civ. No. 04-1254 (HHK), at 2 (D.D.C. June 10, 2005) (Mot. Ex. C) (citing *Al-Marri v. Bush*, Civ. No. 04-2035 (GK), at 2-3 (D.D.C. March 7, 2005) (Mot. Ex. A)).


Dated: Washington, D.C.
       July 1, 2005

                                        Respectfully submitted,

                                        COVINGTON & BURLING

                                        _____/s/_____
                                        David H. Remes
                                        D.C. Bar No. 370782
                                        1201 Pennsylvania Ave. NW
                                        Washington, DC 20004
                                        202-662-5212 (tel)
                                        202-778-5212 (fax)

                                        Marc D. Falkoff
                                        D.C. Bar. No. 491149
                                        1330 Avenue of the Americas
                                        New York, NY 10019
                                        212-841-1166 (tel)
                                        646-441-9166 (fax)