UNCLASSIFIED
Approved for public filing
August 17, 2005

REDACTED VERSION FOR PUBLIC FILING CLEARED BY CSO

FILED WITH
COURT SECURITY OFFICER
DATE 8-8-05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDULSALAM ALI
ABDULRAHMAN AL-HELA,
    Petitioners,

v.

GEORGE W. BUSH, President of the
United States, et al.,
    Respondents.

Civil Action No. 05-1048 (RMU)

## MOTION TO COMPEL ACCESS TO UNREDACTED RETURNS

On June 9, 2005, this Court ordered respondents to make classified factual returns available to petitioner's counsel no later than July 15, 2005. Repeating the tactics of obstruction and delay they have employed in other detainee cases, respondents have filed a return so heavily redacted as to be useless to petitioner's counsel.[1] Petitioner moves the Court to compel respondents to comply with its order and produce a full, unredacted factual return.

### 1. Respondents Are Repeating Tactics They Employed in Other Cases

In thumbing their nose at the Court's order, respondents repeat the obstructive tactics they employed last fall with respect to other detainees. On November 5, 2004, after extensive delays and repeated admonitions from the court, respondents filed classified factual returns for the detainees whose cases were then consolidated for certain purposes before Senior Judge Joyce

---

[1] Although respondents state that they have filed the redacted return with the Court, we attach a copy for the Court's convenience. See Exhibit A.

UNCLASSIFIED
Approved for public filing
August 17, 2005

Hens Green. However, respondents made available to petitioners' counsel only redacted versions of these returns, omitting information respondents deemed either too sensitive or too irrelevant to disclose to counsel. Petitioners moved to compel disclosure of the unredacted returns to those counsel that possess security clearances. On January 31, 2005, Judge Green ordered respondents to make the unredacted returns available to security-cleared counsel at the Secure Facility, stating that the redacted information "is relevant to the merits of this litigation and . . . counsel for petitioners are entitled to have access to that information" as long as they comply with the court's Protective Order. *In re Guantanamo Detainee Cases*, 02-CV-0299, et al., Order Granting November 8, 2004 Motion to Designate "Protected Information" and Granting November 18, 2004 Motion for Access to Unredacted Factual Returns, at 2 (attached hereto as Exhibit B).[2]

### 2. Redacted Material is Relevant to Petitioner's Case

The extensive redactions in this petitioner's factual return were made by ▓▓▓▓ ▓▓▓▓▓▓▓▓. A memorandum attached to the redacted return states that, notwithstanding counsel's security clearances, "counsel shall not have access to any classified information unless the Government also determines on a case-by-case basis that counsel has a 'need to know' that particular information." ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ at ¶ 5 (attached hereto as Exhibit C). The memorandum goes on to claim that "[t]he redacted information pertains to other individuals, or is source-identifying,

---

[2] Respondents have still not complied with this order.

UNCLASSIFIED
Approved for public filing
August 17, 2005

and does not support a determination that Subject is not an enemy combatant. Thus, counsel has no need to know the information in the course of any habeas proceeding." *Id.*

As the Court is aware, the factual return consists, almost in its entirety, of the record of the Combatant Status Review Tribunal ("CSRT"). The return filed with the Court contains the entire CSRT record concerning the petitioner – i.e., all classified or non-classified information presented at the petitioner's CSRT and on which the CSRT panel based its decision that the petitioner is properly classified as an "enemy combatant." Moreover, both here and before Judge Green, respondents have claimed that CSRT determinations, alone, support a detainee's continued detention as an enemy combatant. *See* Notice of Submission of Factual Return Under Seal at 3; *In re Guantanamo Detainee Cases*, 02-CV-0299 et al., Respondents' Response to Petitions for Writ Of Habeas Corpus and Motion to Dismiss or for Judgment as a Matter of Law and Memorandum in Support, October 4, 2004, at 43-51. Under any reasonable standard one might apply, all of the material in petitioner's CSRT proceedings therefore is highly relevant to petitioner's defense, because it is precisely the purported basis upon which respondents continue to detain him.

Respondents' unilateral decision to redact material from the returns because *they* believe the material is not relevant is unfair to petitioner and fundamentally compromises the adversarial process. The decision to excise material from the returns as irrelevant under any standard is highly suspect, given respondents' litigation self-interest. Respondents' credibility in this respect is further undermined by Judge Green's determination, after *in camera* review, that the redacted information in the consolidated case was "relevant to the merits of this litigation," notwithstanding respondents' assertions that petitioners' counsel had no "need to know" the information.

The redactions in the cases before Judge Green pale in comparison to the redactions made in the factual return of the present petitioner. In the version of return disclosed to counsel, ▓▓▓ has blacked out the large majority of the material that was before the CSRT when it determined petitioner to be an enemy combatant. As a result, the returns disclosed to counsel reveal little more than did the Unclassified Summary of Evidence, which the CSRT described "unpersuasive in that it provides conclusory statements without supporting unclassified evidence[,]" adding that "the Tribunal had to look to classified exhibits for support of the Unclassified Summary of Evidence." *See Unclassified Summary of Basis for Tribunal Decision* at 2. These statements, together with the extent of the redactions, compel the conclusion that the redacted information is relevant, indeed essential, to counsel's prosecution of the present petition.

### 3. Respondents Do Not Have the Right to Decide Which Information Is "Suitable for Disclosure to Counsel"

Respondents state that the redacted returns contain "classified information suitable for disclosure to counsel," implying that the redacted information is unsuitable for such disclosure.[3] The notion that some material is too sensitive to disclose to security-cleared counsel has no foundation and is directly at odds with this Court's Order, which stated that "[a]s to the government's concerns regarding classified information, the protective order entered in this case will guard against any such inadvertent disclosures." Memorandum Order Granting Motion for

---

[3] Respondents made similar arguments before Judge Green. *See In re Guantanamo Detainee Cases*, 02-CV-0299, *et al.*, Respondents' Response to Petitioners' Motion for Access to Unredacted Factual Returns and to Compel Compliance with Order on Protected Information Procedures, November 11, 2004, at 5-17. She implicitly rejected these arguments by ordering disclosure of unredacted returns.

Show Cause Order at 2. Indeed, the Protective Order provides a framework for protecting *all* "classified national security information and/or documents," "classified information" and "classified documents," and those terms are explicitly defined to include documents or information designated as "CONFIDENTIAL," "SECRET," "TOP SECRET" or "SENSITIVE COMPARTMENTED INFORMATION". Protective Order at ¶ 9. Petitioner's counsel who will have access to the disputed information already have obtained "secret" level security clearance, and respondents have acknowledged in other cases that, should it become necessary, that status can be upgraded to "top secret" – the highest clearance available – on short notice. *See Al Odah v. Bush*, 02-CV-0828 (CKK), Respondents' Reply Memorandum in Further Support of Response to Complaint, August 9, 2004 at 24 ("Should such a need for a top secret clearance arise in this case . . . that clearance can be granted expeditiously . . . ."). Thus, to the extent the returns contain material restricted to people with a higher level of security clearance, the proper course of action for respondents is not to withhold it, but to upgrade petitioner's counsel's security clearance to the requisite level.

### 4. Conclusion

For the foregoing reasons, the Court should order respondents to make a full, unredacted return available at the Secure Facility for review by security-cleared counsel for the petitioner.

UNCLASSIFIED
Approved for public filing
August 17, 2005

Dated: August 8, 2005
      Washington, DC

                                      Respectfully submitted,

                                      COVINGTON & BURLING

                                      _/s/ David H. Remes_ /BJS

                                      David H. Remes
                                      D.C. Bar No. 370782
                                      Barak J. Sanford*
                                      1201 Pennsylvania Avenue, N.W.
                                      Washington, DC 20004-2401
                                      Tel: (202) 662-5212
                                      Fax: (202) 778-5212

                                      Marc D. Falkoff
                                      D.C. Bar No. 491149
                                      1330 Avenue of the Americas
                                      New York, NY 10019
                                      Tel: (212) 841-1166
                                      Fax: (646) 441-9166

                                      *_Pro hac vice application to be submitted._

UNCLASSIFIED
Approved for public filing
August 17, 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULSALAM ALI ABDULRAHMAN AL-HELA, Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, President of the United States, *et al.*, Respondents. | Civil Action No. 05-1048 (RMU) |

## ORDER

The Court having considered Petitioner's Motion to Compel Access to Unredacted Returns

IT IS HEREBY ORDERED that the Motion to Compel Access to Unredacted Returns is granted; and

IT IS FURTHER ORDERED that Respondents shall make copies of the unredacted returns available to Petitioner's counsel at the secure facility within five business days of the date of this Order.

Dated: _____, 2005

_____
United States District Court Judge