IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULSALAM ALI ABDULRAHMAN AL-HELA, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, <br><br> Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-CV-1048 (RMU) |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONERS'
MOTION TO COMPEL ACCESS TO UNREDACTED RETURNS**

**PRELIMINARY STATEMENT**

Petitioners' motion to compel access to information redacted from the factual returns submitted by respondents and made available to petitioners' counsel in this case should be denied. The issue of whether the Court has the authority to order disclosure of information redacted from the classified factual returns for national security reasons is on appeal to the D.C. Circuit. See Al Odah v. United States, No. 05-5117, et al. (D.C. Cir.). It would be inefficient for the Court to rule on this issue pending appropriate guidance from the D.C. Circuit, particularly when proceedings in this case are otherwise stayed pending related appeals addressing the merits of the claims raised by petitioners. This Court has already recognized the imprudence of deciding the scope of the government's obligation to make redacted classified national security information available to counsel for petitioners in light of the pending appeals, and denied petitioners' request for access to unredacted factual returns in another Guantanamo Bay detainee case. See Al-Oshan v. Bush, No. 05-CV-0520 (RMU) (dkt. no. 50). As in Al-Oshan, petitioners

in this case offer no legitimate grounds for departing from the stay.  Petitioners' motion, therefore, should be denied.

## BACKGROUND

This case is one of now over 140 habeas petitions filed in the Court by or on behalf of approximately 260 detainees at the United States Naval Base at Guantanamo Bay, Cuba, the majority of those cases, including this one, having been filed since the issuance and appeal of the decisions of Judge Leon in Khalid v. Bush, Boumediene v. Bush, Nos. 04-CV-1142 (RJL), 04-CV-1166 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-5062, 05-5063 (D.C. Cir.), and of Senior Judge Green in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. 2005), appeal on petition for interlocutory appeal, No. 05-5064 (D.C. Cir. 2005), regarding whether detainees can avail themselves of rights under the Constitution, various statutes, and certain international treaties.[1]

In response to motions filed by the parties, and consistent with rulings in other Guantanamo habeas cases, the Court has stayed proceedings in this case pending resolution of the appeals in Khalid and In re Guantanamo Detainee Cases.  See Memorandum Order (June 3, 2005) (dkt. no. 12).  This approach is consistent with that of Judge Green, who, after issuing her decision on the detainees' claims, immediately granted respondents' motion to stay proceedings in the coordinated cases to which her decision applied and then rejected petitioners' motion to reconsider the stay to permit discovery and further proceedings.  Judge Green noted that a stay was appropriate

---

[1] Briefing in the appeals is now complete, and oral argument is scheduled for September 8, 2005.

> in light of the substantial resources that would be expended and the
> significant burdens that would be incurred should this litigation go
> forward, and . . . [in] recognition that a reversal of the Court's
> January 31, 2005 rulings would avoid the expenditure of such
> resources and incurrence of such burdens . . . .

See In re Guantanamo Detainee Cases (Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal), No. 02-CV-0299, et al., 355 F. Supp. 2d 482 (D.D.C. Feb. 8, 2005) (Green, J.).

This Court also entered and made applicable to this case the Protective Order and associated orders established by Judge Green in the coordinated cases, see Memorandum Order (June 3, 2005) (dkt. no. 12), and further ordered submission of the unclassified portion of the factual return pertaining to petitioner Abdulsalam Ali Abdulrahman Al-Hela by June 15, 2005, and the classified factual return by July 15, 2005, see Memorandum Order (June 9, 2005) (dkt. no. 16).

Consistent with the practices established in the coordinated cases, and just as respondents have done in all the pending cases in which factual returns have been ordered and submitted for petitioners determined by Combatant Status Review Tribunals ("CSRTs")[2] to be enemy combatants, respondents submitted as a factual return the final record of proceedings before the CSRT that confirmed the basis for classifying the petitioner as an enemy combatant. See Respondents' Factual Return to Petition for Writ of Habeas Corpus (dkt. nos. 22, 26). Respondents submitted the unclassified portion of the factual return pertaining to petitioner by June 15, 2005, as ordered, and submitted two versions of the classified factual return on July 12,

---

[2] The CSRTs are tribunals the Military has used to confirm detainees' status as enemy combatants subject to continued detention.

3

2005.[3] One version of the factual return was submitted under seal to the Court for *in camera* review, and another version of the factual return, containing information suitable for disclosure to counsel under seal, was made available to petitioner's counsel who have been issued security clearances, consistent with the Protective Order and associated orders entered in this case.

The redactions in the classified versions of the factual returns made available to petitioners' counsel in the Guantanamo Bay detainee cases (which are not present in the versions of the factual returns submitted to the Court for *in camera* review),[4] result from the fact that the Director of National Intelligence ("DNI"), in his capacity as head of the United States intelligence community, has delegated to originating agencies the responsibility to review the classified factual returns prior to their being made available to petitioners' counsel so that information that would tend to reveal certain intelligence sources and methods may be redacted, in accordance with the DNI's duty to protect such sources and methods pursuant to Executive Order 12958, as amended by Executive Order 13292, 68 Fed. Reg. 15315 (Mar. 28, 2003), and subsection 102A(I) of the National Security Act of 1947, as amended by § 1011(a) of the Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. No. 108-458, 118 Stat. 3638

---

[3] On July 12, 2005, respondents also submitted a revised unclassified version of the factual return, which contained a correction to petitioner's name and fewer redactions as a result of an intervening change in redaction procedures since the June 15, 2005 submission.

[4] Such information redacted from factual returns made available to petitioners' counsel in the Guantanamo cases has been highlighted in the Court's *in camera* copy as explained in the *in camera* cover sheet to the factual return, consistent with Judge Green's December 8, 2004 Order for Specific Disclosures Relating to Respondents' Motion to Designate as "Protected Information" Unclassified Information and Petitioners' Motion for Access to Unredacted Factual Returns in the coordinated cases, see Almurbati v. Bush, No. 04-CV-1227 (RBW) (dkt. no. 70).

(to be codified at 50 U.S.C. § 403-l(I)).[5] In a number of the classified factual returns in the various Guantanamo cases, such redactions were made; declarations identifying the redactions and articulating the bases for such redactions accompany each factual return in which redactions are made. As indicated in the declarations, in general, the redactions involve intelligence sources, methods, or activities, as well as certain information collected from those resources, that pertain to individuals other than the petitioner-detainee to whom the factual return pertains, or the redactions involve information that is source-identifying, and in any event, does not support a determination that the detainee is ***not*** an enemy combatant. See Respondents' Response to Petitioners' Motion for Access to Unredacted Factual Returns and to Compel Compliance with Order on Protected Information Procedures at 6-7 (filed Nov. 22, 2004 in the coordinated In re Guantanamo Detainee Cases, e.g., Almurbati v. Bush, No. 04-CV-1227 (RBW) (dkt. no. 65)).

These types of redactions in the factual returns were the subject of litigation in the coordinated In re Guantanamo Detainee Cases before Judge Green. Specifically, petitioners in the coordinated cases moved for access to the redacted information, and respondents opposed, see id. Based upon an unelaborated and categorical determination that the redacted information "is relevant to the merits of this litigation," Judge Green granted the motion for access in conjunction with her decision on respondents' motion to dismiss or for judgment as a matter of law. See Jan. 31, 2005 Order Granting November 8, 2004 Motion to Designate "Protected Information" and Granting November 18, 2004 Motion for Access to Unredacted Factual Returns

---

[5] See also Sims v. CIA, 471 U.S. 159, 168-69 (1985) (National Security Act accorded Director of Central Intelligence – the DNI's statutory predecessor – sweeping authority to protect sources and methods from disclosure).

(see Almurbati v. Bush, No. 04-CV-1227 (RBW) (dkt. no. 89) at 2).[6]  Respondents, however, then moved for a stay of proceedings before Judge Green and for certification of her decision on the motion to dismiss or for judgment for interlocutory appeal.  See Feb. 3, 2005 Motion for Certification of January 31, 2005 Interlocutory Orders for Appeal Pursuant to 28 U.S.C. § 1292(b) and for Stay of Proceedings Pending Appeal (see Almurbati v. Bush, No. 04-CV-1227 (RBW) (dkt. no. 93)).  In the section of the motion requesting a stay, respondents urged:

> [F]ailure to stay the Court's order contemplating disclosure of classified information previously withheld from petitioners' counsel in order to protect especially sensitive intelligence sources and methods would irreparably damage the government by denying it the opportunity for appellate review prior to imposition of the harms occasioned by the disclosure.  Thus, the order requiring disclosure of the information must be stayed . . . regardless of whether the Court stays other proceedings in these cases.

Id. at 22-23 & n.13.  In response, Judge Green immediately stayed proceedings in the eleven cases in which her decision on the motion to dismiss or for judgment was entered, "for all purposes pending resolution of all appeals."  See Order Granting in Part and Denying in Part Respondents' Motion for Certification of Jan. 31, 2005 Orders and for Stay (see Almurbati v. Bush, No. 04-CV-1227 (RBW) (dkt. no. 95)).  Petitioners in the coordinated cases then sought reconsideration of Judge Green's stay order, but Judge Green denied the motion for reconsideration

> in light of the substantial resources that would be expended and the significant burdens that would be incurred should this litigation go forward, and . . . [in] recognition that a reversal of the Court's

---

[6] Judge Green's decision appears to have been tied to the portion of her opinion on the merits that the CSRTs were constitutionally deficient in not providing detainees access through counsel to classified information considered by the CSRTs.  See In re Guantanamo Detainee Cases, 355 F. Supp. 2d 433, 471-72 (D.D.C. 2005).

> January 31, 2005 rulings would avoid the expenditure of such resources and incurrence of such burdens . . . .

See In re Guantanamo Detainee Cases (Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal), No. 02-CV-0299, et al., 355 F. Supp. 2d 482 (D.D.C. Feb. 8, 2005) (Green, J.).

While Judge Green did not certify her January 31, 2005 Order regarding access to unredacted returns for interlocutory appeal, as noted above, in response to respondents' request, she did enter a stay "for all purposes pending resolution of all appeals." See also Al-Oshan, No. 05-CV-0520 (RMU) (dkt. no. 50) at 3 (noting that Judge Green stayed all proceedings, "including enforcement on the order to provide unredacted factual returns"). On March 14, 2005, respondents took a direct appeal of Judge Green's January 31, 2005 order regarding access to classified information redacted from the factual returns. The appeals were docketed as D.C. Circuit Nos. 05-5117 through 05-5127. In response to several petitioners' motions to dismiss the appeals on jurisdictional grounds, and respondents' motion to hold the appeals in abeyance pending the resolution of the appeals in Khalid and In re Guantanamo Detainee Cases, the D.C. Circuit referred the motions to dismiss to the merits panel and directed the Clerk to enter a briefing schedule and oral argument on the merits of the appeals. See Al Odah v. United States, No. 05-5117, et al. (D.C. Cir. Aug. 8, 2005) (attached hereto as Exhibit A).

## ARGUMENT

**I.  The Relief Requested by Petitioners is Inconsistent with the Stay of Proceedings in this Case.**

Petitioners' counsel in this case completely disregard this important history of the issue of redactions in versions of the factual returns made available to counsel, including Judge Green's

issuance of a stay with respect to disclosure of such information, and they seek to completely change, upset, and revise the consistent practice with regard to submission of factual returns in the Guantanamo Bay detainee cases. To do so, however, would be inconsistent with and undermine not only the stay of proceedings in this case, but, importantly, the stay granted in the coordinated detainee cases because granting petitioners' counsel's request will no doubt create a cascade effect in all of the stayed cases, as petitioners in those cases, seeking parity of treatment, make similar requests for access to any redacted information in returns in those cases. The scope of the government's obligation, if any, to make classified national security information available to the detainees' counsel in the Guantanamo cases is on appeal to the D.C. Circuit. A decision from the Court of Appeals will resolve the specific question that petitioners ask this Court to address – whether the Court can or should require, over a decision of the Executive to the contrary, the disclosure of classified, national security information to lawyers of detainees during the course of ongoing hostilities. Cf. Hamdi v. Rumsfeld, 542 U.S. 507, 124 S. Ct. 2633, 2652 (2004) (any required fact-finding in district court in enemy combatant context must be both "prudent and incremental"); Stillman v. CIA, 319 F.3d 546, 548 (D.C. Cir. 2003) (court should not "plunge ahead" to decide a right of access to classified information in the abstract, where alternatives exist so that the question can be avoided). The Court should not take action to change the *status quo* in the Guantanamo cases on this highly significant issue, based on nothing more than petitioners' counsel's desire to see the information,[7] prior to giving the Court of

---

[7] Indeed, even aside from the fact that proceedings in this case are stayed and the question of whether counsel are entitled to unredacted returns is on appeal, petitioners offer no legitimate justification for now requiring the production of such information. As demonstrated by the sworn declarations submitted with any factual returns in which redactions were made, the information redacted relates to individuals other than the petitioner-detainee to whom the factual

Appeals the opportunity to speak to the appropriate course of proceedings in this matter, including with respect to the propriety of counsel's access to the redacted information.[8]

This Court has already denied a similar request in another Guantanamo detainee habeas case, Al-Oshan v. Bush, No. 05-CV-0520 (RMU). In Al-Oshan, petitioners requested unredacted factual returns, as well as a host of additional, unspecified materials to supplement the factual returns, all of which they wished to share with the petitioners in that case in direct contravention of the Protective Order. See Al-Oshan v. Bush, No. 05-CV-0520 (RMU) (Petitioners' Motion to Compel the Filing of Complete and Unredacted Factual Returns) (dkt. no. 30). This Court denied petitioners' request "[b]ecause th[e] case is presently stayed, and because the petitioners have failed to demonstrate any immediate need for unredacted factual returns." Al-Oshan v. Bush, No. 05-CV-520 (RMU) (dkt. no. 50) at 1. This Court further explained its reasoned basis for denying petitioners' motion:

> A ruling on the instant motion would undermine the reasons this court, and others handling GTMO cases, stayed proceedings pending resolution of *Khalid*, *Boumediene*, and *In re Guantanamo Detainee Cases*. The determination of the instant motion requires a delicate balancing of the detainees' constitutional rights, the government's interests in protecting sensitive information, and the scope of the judiciary's role in these cases. Unsure of the way in

---

return pertains, or the redactions involve information that, in any event, does not support a determination that the detainee is **not** an enemy combatant. See supra at 4-5. And Judge Green's categorical assertion in her January 31 order in the coordinated cases that the redacted information was logically relevant to the merits of those cases hardly supports petitioners' position that a stay in this case should be lifted so that considered determinations of the intelligence community to prevent inappropriate disclosure of intelligence sources and methods can be overridden and access to redactions can be provided.

[8] Should this Court choose to reach the merits of any particular redaction in the factual return submitted in this case, respondents request the opportunity to make further submissions defending any such redactions.

>which the D.C. Circuit will strike such a balance, or at least inform the contours of this trichotomy, a judicial determination by this court regarding the instant motion is imprudent.

Id. at 4.

The analysis is no different here. Petitioners have failed to demonstrate any substantial basis justifying compelled disclosure of the redacted information in the face of the stay of proceedings in the case pending related appeals that will determine whether and how this case should proceed. Petitioners' motion should be denied.

## CONCLUSION

For the foregoing reasons, respondents respectfully request that petitioners' motion to compel access to unredacted factual returns be denied.

Dated: August 19, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

  /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice

Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents