*PREVIOUSLY FILED WITH CSO AND*
*CLEARED FOR PUBLIC FILING*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABDULSALAM ALI ABDULRAHMAN AL-HELA, *et al.*, <br>     Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, President of the United States, *et al.*, <br>     Respondents. | Civil Action No. 05-1048 (RMU) <br><br> ORAL ARGUMENT REQUESTED |

**PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL ACCESS TO UNREDACTED FACTUAL RETURNS**

On June 9, this Court ordered Respondents to provide counsel with Petitioner's unclassified return by June 15 and his classified return by July 15. Respondents provided a classified return so heavily redacted as to be useless to counsel, defeating the Court's purposes in ordering its production. The Court should compel Respondents to comply with its order.

1. **Respondents should not be allowed to frustrate the Court's order requiring them to provide classified returns.**

The issue presented by the instant motion is not whether Respondents may provide Petitioner with a classified return from which some information has been redacted, but whether Respondents may respond to an order requiring them to provide a classified return by providing a return so heavily redacted as to be useless to counsel. Unsuccessful in opposing habeas petitioners' motions to require them to provide returns, Respondents now seek to use redactions to accomplish substantially the same result. It is Respondents, not Petitioner, who are attempting to "change the status quo." (Resps.' Opp'n at 8.)

On February 3, Judge Green entered her stay-pending-appeal in various consolidated habeas cases. Relying on that stay – and making the very same arguments that they make in opposing the instant motion to compel – Respondents have opposed *all* motions for returns in every habeas case filed since Judge Green entered her stay.[1] Notwithstanding Judge Green's stay or Respondents' arguments, at least ten of the twelve Judges of this Court who have decided such motions – including your Honor, on at least six occasions – have ordered Respondents to provide both unclassified and classified returns in cases filed after Judge Green entered her stay.[2]

These Judges have ordered Respondents to provide these returns in the new cases "to ensure that the proceedings can continue in an orderly fashion in the event that the detainees prevail on appeal." *Kurnaz v. Bush*, 04-CV-1135 (ESH), 2005 WL 839542, at *1 (D.D.C. Apr. 12,

---

[1] For example, Respondents argued for a stay of this case, and denial of Petitioner's motion for an order to show cause, based on (1) the centrality of issues on appeal in the consolidated cases, (2) the stay entered by Judge Green in those cases, (3) the "extraordinary" nature of the issues presented, and (4) the supposed risk of "inadvertent disclosure of classified information." *See* Resps.' Mot. to Stay and Opp'n to Mot. for Writ or Order To Show Cause at 1, 8–9,10–11 (dkt no. 7). Respondents' opposition to the instant motion to compel rests on identical arguments. *See* Resps.' Opp'n at 1, 8–9, 11–13.

[2] *See Hatim v. Bush*, 05-CV-1429 (RMU) (Aug. 22, 2005) (dkt no. 16); *Zalita v. Bush*, 05-CV-1220 (RMU) (D.D.C. July 29, 2005) (minute order); *Al-Hela v. Bush*, 05-CV-1048 (RMU) (D.D.C. June 9, 2005) (dkt no. 16); *Tumani v. Bush*, 05-CV-0526 (RMU) (D.D.C. Apr. 19, 2005) (dkt no. 6); *Qayed v. Bush*, 05-CV-0454 (RMU) (D.D.C. Apr. 19, 2005) (dkt no. 5); *Al Oshan v. Bush*, 05-CV-0520 (RMU) (D.D.C. Mar. 22, 2005) (dkt no. 8); *see also Batarfi v. Bush*, 05-CV-0409 (EGS) (July 20, 2005) (minute order); *Al-Wazan v. Bush*, 05-CV-0329 (PLF) (June 14, 2005) (dkt no. 37); *Battayav v. Bush*, 05-CV-0714 (RBW) (May 19, 2005) (dkt no. 12); *Al Mohammad v. Bush*, 05-CV-0247 (HHK) (Apr. 30, 2005) (dkt no. 18); *Al Joudi v. Bush*, 05-CV-0301 (GK) (Apr. 29, 2005) (dkt. no. 26); *Al-Anazi v. Bush*, 05-CV-0345 (JDB) (Apr. 21, 2005) (dkt no. 21); *Ameziane v. Bush*, 05-CV-0833 (ESH) (Apr. 12, 2005) (dkt no. 12); *Abdullah v. Bush*, 05-CV-0023 (RWR) (Apr. 8, 2005) (dkt no. 24); *El-Mashad v. Bush*, 05-CV-0270 (JR) (Apr. 7, 2005) (dkt no. 29). Judge Kollar-Kotelly ordered Respondents to provide returns when the pending appeals are resolved. *See Magram v. Bush*, 05-CV-0584 (CKK) (May 18, 2005) (dkt no. 9). To counsel's knowledge, only Judge Leon has denied a motion for a factual return. *See Hamoodah v. Bush*, 05-CV-0795 (RJL) (May 24, 2005) (dkt no. 13).

2005). Observing that "the factual returns appear necessary for petitioners' counsel effectively to represent petitioners," and that "even initial conversations by counsel with their clients may be very difficult without access to that basic factual information," *Al-Anazi v. Bush*, 05-CV-0345 (JDB), slip op. at 20 (D.D.C. Apr. 21, 2005) (dkt no. 22), these Judges have ordered Respondents to provide returns so that counsel "can begin preparing their defense well in advance of any ruling by the Court of Appeals," *Al-Adahi v. Bush*, 05-CV-0280 (GK), slip op. at 2 & n.1 (D.D.C. Apr. 29, 2005) (dkt no. 35).

Until now, Respondents had generally complied with orders to provide returns. To be sure, Respondents provided some classified returns containing redactions, and in some of these instances they redacted information that Judge Green deemed to be relevant. Nevertheless, these earlier redactions were not nearly as extensive as those here. Moreover, Respondents defended the redactions by representing that they would not rely on the redacted information to justify the classification of the petitioner as an "enemy combatant."[3] That excuse is unavailable where, as here, almost all of a return is redacted.

This Court ordered Respondents to produce Petitioner's return because "petitioners' counsel should be able to review the returns ***now*** so that they can develop their case and prepare for any consultation with their clients." (June 9 Mem. Order 3 (emphasis added).) The extensiveness of Respondents' redactions makes that impossible. Respondents should not be allowed to defeat the Court's purpose in ordering them to provide Petitioner's return. At a minimum, pending Respondents' appeal from Judge Green's order of January 31 requiring them to provide

---

[3] *See In re Guantánamo Detainee Cases*, 02-CV-0299, *et al.*, Resps.' Resp. to Mot. for Access to Unredacted Factual Returns and to Compel Compliance with Order on Protected Info. Procedures, at 7 (Nov. 22, 2004) (dkt. no. 76 in *Abdah v. Bush*, 04-CV-1254 (HHK)).

3

unredacted returns, the Court should order Respondents to provide all redacted information on which they intend to rely to justify their classification of Petitioner as an "enemy combatant."

**2.    Respondents may not withhold evidence from Petitioner's counsel based on their own assertion that the evidence would not be helpful to Petitioner.**

Respondents argue that Petitioner's counsel need not see the redacted information in Petitioner's classified return because Respondents have determined that the information "does not support a determination that the detainee is *not* an enemy combatant." (Resps.' Opp'n at 5, 8 n.7, 11.) That determination is for the Court to make after Petitioner's counsel has had an opportunity to review the information, rebut the information, and determine whether the information might lead to information that would tend to disprove Respondents' allegations.

**3.    The Court's recent order in *Al-Oshan* is irrelevant because Respondents had not frustrated the Court's order to provide the classified return in that case.**

Respondents argue that Petitioner's motion should be denied in light of this Court's most recent order in *Al-Oshan v. Bush*, 05-CV-0520 (RMU) (dkt no. 50). The Court's rationale for its order is inconsistent with its earlier orders requiring Respondents to provide unclassified and classified returns in that and five other pending cases, including this case. The Court's order in *Al-Oshan*, however, addressed a different situation.

The Court had previously ordered Respondents to provide unclassified and classified returns to petitioners' counsel, and Respondents complied, providing largely unredacted classified returns. Petitioners then sought certain information redacted from the classified return and also additional documents, such as medical and psychiatric records, petitioner statements, disciplinary records, and Administrative Review Board transcripts that were not considered by the CSRT. It was these requests that the Court denied.

4

Here, by contrast, Petitioner's counsel simply seek what Respondents had assured the Court it would provide counsel, and that this Court has ordered Respondents to provide: The record on which the CSRT based its determination that Petitioner is an "enemy combatant." By substantially denying counsel access to that record, Respondents are frustrating the Court's order and preventing counsel from accomplishing what your Honor and other Judges of this Court intend them to accomplish while the appeals in the consolidated habeas cases are pending.

## CONCLUSION

For the foregoing reasons, the motion to compel should be granted. Petitioner respectfully requests oral argument on this motion.

Dated:   August 30, 2005
         Washington, DC

                                          Respectfully submitted,

                                          COVINGTON & BURLING

                                          _____/s/_____
                                          David H. Remes
                                          D.C. Bar No. 370782
                                          1201 Pennsylvania Avenue, N.W.
                                          Washington, DC 20004-2401
                                          Tel: (202) 662-5212
                                          Fax: (202) 778-5212

                                          Marc D. Falkoff
                                          D.C. Bar No. 491149
                                          1330 Avenue of the Americas
                                          New York, NY 10019
                                          Tel: (212) 841-1166
                                          Fax: (646) 441-9166