UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDUL SALAM ALI Al-HELA, | : | |
| | : | |
| Petitioner | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 05-1048 (RMU) |
| | : | |
| GEORGE W. BUSH *et al.*, | : | |
| | : | |
| Respondents/ | : | |
| Defendants | : | |

**MEMORANDUM ORDER**

**DENYING PETITIONER'S MOTION TO COMPEL**

This matter comes before the court on the petitioner's motion to compel access to unredacted returns. Petitioner's counsel claims that the redacted factual returns provided by the respondents are inadequate and violate this court's June 9, 2005 order. Because this case is presently stayed, and because the petitioner has failed to demonstrate any immediate need for unredacted factual returns, the court denies petitioner's motion.

**I. BACKGROUND**

The petitioner, Abdulshalam Ali Al-Hela, claims that he is being held, "virtually incommunicado" at Camp Delta at the United States Naval Station at Guantanamo Bay, Cuba ("GTMO"), "under conditions that violate their constitutional and international rights to dignity and freedom from torture and from cruel, inhuman and degrading treatment or punishment." Pet. for Writ & Compl. ("Pet.") ¶¶ 38. The circumstances surrounding the petitioner's capture and

1

transfer to GTMO are unclear.  But the petitioner maintains that he is neither a member of the Taliban's armed forces, nor Al Qaeda or any other terrorist group.  *See Id.* ¶ 13.

The petitioner filed his habeas corpus petition and complaint for declaratory and injunctive relief on May 23, 2005.  On June 9, 2005, pursuant to 28 U.S.C. § 2243, the court granted the petitioner's motion for a show cause order and ordered the respondents to file unclassified factual returns by show cause by June 15, 2005 and classified returns by July 15, 2005.  On June 15, 2005, the respondents filed partial factual returns.[1]  According to the government, the version released to petitioner's counsel contains redactions made to prevent national security information from disclosure.  Resp'ts' Opp'n at 3.

## II.  ANALYSIS

### The Court Denies Petitioner's Motion for Access

On January 19, 2005, Judge Leon issued opinions in *Khalid v. Bush* and *Boumediene v. Bush*, granting the government's motion to dismiss petitions for writ of habeas corpus brought by detainees at GTMO.  *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005).  On January 31, 2005, Judge Green issued an opinion in *In re Guantanamo Detainee Cases*, granting in part and denying in part the government's motion to dismiss in eleven cases consolidated for the purpose of that motion.  *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005).  The petitioners in the above cases filed notices of appeal, and the D.C. Circuit has yet to issue an opinion.  Accordingly, because the state of the law in this circuit concerning the habeas rights of

---

[1] The respondents assert that they made three distinct versions of these factual returns: 1) a redacted and declassified version suitable for public release; 2) a redacted but classified version suitable for release to petitioners' counsel with the appropriate security clearance; and 3) an unredacted and classified version for *in camera* inspection by the court.  Resp'ts Opp'n at 3-4.

GTMO detainees is unclear, on June 3, 2005, this court issued a stay of proceedings pending the D.C. Circuit decisions in those cases.

Judge Green was presented with this precise issue in *In Re Guantanamo Detainee Cases*, and ruled that the respondents are required to provide unredacted versions of the factual returns to petitioners' counsel. *In Re Guantanamo Detainee Cases*, (Order Granting November 18, 2004 Motion for Access to Unredacted Factual Returns), No. 02-CV-0299, 355 F.Supp. 2d 482 (D.D.C. January 31, 2005)(Green, J.). Nevertheless, Judge Green stayed all proceedings in that case, including enforcement on the order to provide unredacted factual returns, pending resolution by the D.C. Circuit of the interlocutory appeal filed in that case,

> in light of the substantial resources that would be expended and the significant burdens that would be incurred should this litigation go forward, and . . . [in] recognition that a reversal of the Court's January 31, 2005 rulings would avoid the expenditure of such resources and incurrence of such burdens[.]

*Id.*, (Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal), No. 02-CV-0299, 355 F.Supp. 2d 482 (D.D.C. Feb. 8, 2005)(Green, J.). Although the present case is likewise stayed, recognizing the need for petitioner's counsel to "develop their case and prepare for any consultation with their clients," the court ordered that respondents provide petitioner's counsel with factual returns. Mem. Order (June 9, 2005). The petitioner now claims that the provided factual returns are inadequate and request unredacted versions of these returns.

A ruling on the instant motion would undermine the reasons this court, and others handling GTMO cases, stayed proceedings pending resolution of *Khalid, Boumediene,* and *In Re Guantanamo Detainee Cases*. The determination of the instant motion requires a delicate balancing of the detainee's constitutional rights, the government's interests in

3

protecting sensitive information, and the scope of the judiciary's role in these cases. Unsure of the way in which the D.C. Circuit will strike such a balance, or at least inform the contours of this trichotomy, a judicial determination by this court regarding the instant motion is imprudent.

### III.  CONCLUSION

For the reasons set forth herein, it is this 2nd day of September, 2005,

**ORDERED** that the petitioner's motion to compel is **DENIED** without prejudice.

**SO ORDERED.**

    RICARDO M. URBINA
    United States District Judge