Cleared for public filing 4/12/07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ABDULSALAM ALI ABDULRAHMAN AL HELA**, *et al.*,<br><br>*Petitioners*,<br><br>v.<br><br>**GEORGE W. BUSH**, *et al.*,<br><br>*Respondents*. | Civil Action No. 05-01048 (RMU) |

## MOTION FOR STAY-AND-ABEY ORDER

Petitioners respectfully request that this Court, in the interest of justice, (1) stay the dismissal of this habeas action for want of jurisdiction pending Petitioners' exhaustion of their remedies in the Court of Appeals under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 ("DTA"), and (2) hold this action in abeyance pending Petitioners' exhaustion of those remedies and the filing in the Supreme Court of a renewed petition for certiorari to review the Court of Appeals' jurisdictional holding in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) ("*Boumediene I*"), or the Supreme Court's resolution of the same jurisdictional issue as presented in a pending petition for certiorari before judgment in *Hamdan v. Rumsfeld*, No. 06-1169, and an original habeas petition in *In re Ali*, No. 06-1194. The government opposes this motion.

The Court of Appeals has not issued its mandate in *Boumediene I*. The *Boumediene* petitioners have asked the Court to stay the issuance of its mandate pending the completion of DTA proceedings and the filing of a renewed petition for certiorari to review the Court's jurisdictional ruling in *Boumediene I*. The Court has not yet acted on the mo-

tion. This case is presently before the D.C. Circuit on an interlocutory appeal (No. 05-5230) and the government has moved to dismiss in that case. Petitioners have not yet filed oppositions to the government's motions to dismiss, but when they do, they will ask the D.C. Circuit to reject dismissal and allow these cases to be stayed and held in abeyance.

"District courts . . . ordinarily have authority to issue stays, *see Landis v. North American Co.*, 299 U.S. 248, 254 (1936), where such a stay would be a proper exercise of discretion, *see Clinton v. Jones*, 520 U.S. 681, 706 (1997)." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). In appropriate circumstances, a district court may stay a federal habeas action pending the petitioner's exhaustion of state-court remedies for unexhausted claims. *Id.* at 277-78. The considerations that make a stay-and-abey appropriate in that setting also support a stay-and-abey here.

On February 20, 2007, a divided panel of the Court of Appeals ruled that the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, 120 Stat. 2600, had stripped the federal courts of jurisdiction over habeas actions, such as this, brought by foreign nationals held at Guantánamo. *Boumediene I*, 476 F.3d at 988. Judge Robertson anticipated the Court of Appeals' jurisdictional ruling in *Hamdan v. Rumsfeld*, Civil Action No. 04-1519 (JR) (D.D.C. Dec. 13, 2006).

On March 5, 2007, the *Boumediene* petitioners filed a certiorari petition in the Supreme Court; on April 2, 2007, the Court denied the petition. Three Justices dissented from the denial of the petition. *See Boumediene v. Bush*, Nos. 06-1195 & 06-1196, 2007 WL 957363 (U.S. Apr. 2, 2007) ("*Boumediene II*"), stating that the jurisdictional and constitutional questions raised by the petitioners "deserve this Court's immediate atten-

tion." *Id.* at *1 (Breyer, J., joined by Souter & Ginsburg, JJ., dissenting). Two other Justices stated that, despite "the obvious importance of the issues raised in these cases," it was "appropriate to deny these petitions *at this time*" in order to require the petitioners to exhaust their DTA remedies. *Id.* (statement of Stevens and Kennedy, JJ., respecting the denial of certiorari) (emphasis added).

Five Justices have thus at least made clear that, upon the petitioners' exhaustion of their DTA remedies, the Supreme Court will give serious consideration to a renewed certiorari petition seeking review of this Court's decision in *Boumediene I*. A majority of the Court, in other words, has left open the possibility that the Court of Appeals' holding in might be held erroneous and that it might therefore be appropriate to allow the habeas actions of the petitioners and those similarly situated to proceed in the district courts at some later date.

Indeed, two petitions are pending in the Supreme Court that bear directly on the MCA jurisdictional holding of the Court of Appeals. First is a petition for certiorari before judgment in *Hamdan v. Rumsfeld*, No. 06-1169, seeking review of Judge Robertson's ruling on the MCA jurisdictional issue. Hamdan filed his reply brief in support of certiorari on April 10, 2007. Under the Court's posted schedule, the *Hamdan* papers presumably will be distributed for consideration at the Court's Conference on April 27, 2007.

Second is an original habeas petition in *In re Ali*, No. 06-1194, which directly challenges the MCA jurisdictional holding of the Court of Appeals. The Supreme Court considered the *Ali* petition sufficiently serious that it directed the government to respond to the petition. The government's response is due on April 16, 2007. Under the Court's

3

posted schedule, the *Hamdan* papers presumably will be distributed for consideration at the Court's Conference on May 10, 2007.

Under these circumstances, it would be premature for this Court to dismiss Petitioners' cases for lack of jurisdiction. Rather, this Court should stay this action pending (1) timely filing by Petitioners of DTA petitions and (2) resolution of timely, renewed petitions for certiorari in the Supreme Court challenging the Court of Appeals' jurisdictional holding in *Boumediene I*, or resolution of the jurisdictional issue in *Hamdan* or *Ali*.

This course of action will work no prejudice on Respondents. It will, however, save Petitioners the uncertainty accompanying attempts to "resurrect" dismissed habeas claims following exhaustion of their DTA remedies. Petitioners are concerned, for example, that if their habeas petitions are dismissed, Respondents will argue in later court hearings that Petitioners may seek review only of the Court of Appeals' DTA determinations. The DTA, in turn, allows challenges only to specified aspects of final decisions of the Combatant Status Review Tribunals ("CSRTs"). Under these circumstances, the most economical and efficient way to proceed is for this Court to stay rather than dismiss this action. The Court should do so purely as a precaution. *See Boumediene*, 2007 WL 957363, at *1 (statement of Stevens, J., joined by Kennedy, J., respecting denial of certiorari) ("Were the Government to take additional steps to prejudice the position of petitioners in seeking review in this Court, 'courts of competent jurisdiction,' including this Court, 'should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised.'") (citation omitted).

It is immaterial that this Court held in *Boumediene I* that the federal courts no longer retain jurisdiction over habeas actions such as this. The correctness of that juris-

4

dictional holding is still in dispute and jurisdiction remains a live issue that will be resolved with finality only if the Supreme Court decides the issue in *Hamdan* or *Ali*, or after Petitioners have exhausted their DTA remedies and the Supreme Court has disposed of Petitioners' renewed certiorari petitions challenging the Court of Appeals' MCA jurisdictional holding.  It is fundamental, of course, that the courts have jurisdiction to determine their own jurisdiction.  *See Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2155 (2006) (a court's "adjudicatory power is simply its authority to determine its own jurisdiction to deal further with the case"); *Ex parte Milligan*, 71 U.S. 118, 131 (1866) ("The writ issues as a matter of course; and on the return made to it the court decides whether the party applying is denied the right of proceeding any further with it.").

Staying this action to allow Petitioners to exhaust their DTA claims in the Court of Appeals and then seek review of that Court's *Boumediene I* jurisdictional holding is also consistent with Supreme Court directives concerning the proper course of action by a federal court when presented with unexhausted habeas petitions brought pursuant to 28 U.S.C. § 2254.  As mentioned, where a habeas petitioner has failed to exhaust all available remedies in state court, a federal court retains discretion to keep jurisdiction over the pending habeas petition, staying the action and allowing exhaustion of remedies in the state courts rather than dismissing it.  *Rhines*, 544 U.S. at 277.  Indeed, the Supreme Court has indicated that it would be an abuse of discretion to dismiss a petition if the "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [the petitioner] engaged in intentionally dilatory litigation tactics."  *Id.*; *accord Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005); *see also Duncan v. Walker*, 533 U.S. 167, 182 (2001) (Stevens, J., joined by Souter, J.,

5

concurring in part and concurring in the judgment) (stating that "in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious [habeas] claim and stay further proceedings pending the complete exhaustion of state remedies").

The requested relief will aid Petitioners in receiving a speedy review of the constitutional issues presented in their habeas petitions once their DTA claims are exhausted. Their habeas petitions have been pending for nearly three years and have yet to progress substantially. Because there is a reasonable possibility that the Supreme Court will, in the not-distant future, find the jurisdictional holding in *Boumediene I* to be in error, ordering dismissal of these cases now might cause unnecessary additional delay that is contrary to the nature of habeas relief. *See Carafas v. La Vallee*, 391 U.S. 234, 238 (1968) (habeas writ, "shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person").

## CONCLUSION

For the foregoing reasons, this Court should stay this action pending Petitioners' exhaustion of their DTA remedies in the Court of Appeals and resolution by the Supreme Court of the MCA jurisdictional issue in *Hamdan* or *Ali*, or resolution by the Supreme Court of a renewed petition for certiorari seeking review of *Boumediene I*.

Respectfully submitted,

/s/ David H. Remes
David H. Remes
D.C. Bar No. 370782
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-2401
(202) 662-5212 (tel)
(202) 778-5212 (fax)

Marc D. Falkoff, *pro hac vice*
D.C. Bar. No. 491149
NORTHERN ILLINOIS UNIVERSITY
COLLEGE OF LAW
DeKalb, IL 60614
(347) 564-5043 (tel)

Counsel for Petitioners

April 11, 2007
Washington, DC

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2007, I served the foregoing on the counsel listed below by causing an original and four copies to be filed with the Court Security Officer:

Peter D. Keisler
Douglas N. Letter
Joseph H. Hunt
Vincent M. Garvey
Judry L. Subar
Terry M. Henry
James J. Schwartz
Edward H. White
Robert J. Katerberg
Andrew I. Warden
Nicholas J. Patterson
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470

*Attorneys for Respondents*

/s/ Jason M. Knott
Jason M. Knott