# EXHIBIT A

Unclassified
Cleared for public filing April 9, 2007

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
RECEIVED
APR - 9 2007

**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

MAHMOAD ABDAH, *et al.*,  )
  Petitioners-Appellees,  )
                       )  Case Nos. 05-5115, 05-5116
     *v.*  )
                       )
GEORGE W. BUSH, *et al.*,  )
  Respondents-Appellants.  )

## MOTION TO WITHHOLD ISSUANCE OF MANDATE

Petitioners respectfully request that this Court, in the interest of justice, withhold the issuance of the mandate in this matter pending (1) Petitioners' exhaustion of their claims under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 ("DTA"), and (2) Petitioners' filing in the Supreme Court of a renewed petition for writ of certiorari to review this Court's decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) ("*Boumediene I*"), upon their exhaustion of those claims. The government opposes this motion.

This Court may grant the requested relief under Rule 41(d)(2)(A) of the Federal Rules of Appellate Procedure, which allows a party to "move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court," requiring only that the party show that "the certiorari petition would present a substantial question and that there is good cause for a

stay." *See also* Fed. R. App. P. 41(d)(2)(B) (stay may exceed ninety days "for good cause"); D.C. Cir. Rule 41(a)(2) (mandate may be stayed where "the motion sets forth facts showing good cause for the relief sought").

In addition, "a circuit court has the inherent power to stay its mandate following the Supreme Court's denial of certiorari." *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1529 (9th Cir. 1989). "This inherent authority is not undercut by the time limits specified in Fed. R. App. P. 41(b). . . . However, the rule's provision that the mandate issue on the denial of certiorari creates a 'threshold requirement of exceptional circumstances before the mandate would be stayed.'" *Beardslee v. Brown*, 393 F.3d 899, 901 (9th Cir. 2004) (citing *Bryant*, 886 F.2d at 1529).

Petitioners can show good cause and exceptional circumstances warranting a stay of mandate. On February 20, 2007, a divided panel of this Court ruled that the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600, had stripped the federal courts of jurisdiction over this matter. *Boumediene I*, 476 F.3d at 988. On its own motion, the Court directed the Clerk to withhold issuance of the mandate. On March 5, 2007, Petitioners filed a certiorari petition in the Supreme Court. On April 2, 2007, the Court denied the petition. Three Justices dissented from the denial of the petition. *See Boumediene v. Bush*, Nos. 06-1195 & 06-1196, 2007

WL 957363, at *1 (U.S. Apr. 2, 2007) ("*Boumediene II*") (Breyer, J., joined by Souter & Ginsburg, JJ., dissenting) (stating that the jurisdictional and constitutional questions raised by Petitioners "deserve this Court's immediate attention"). Two other Justices stated that, despite "the obvious importance of the issues raised in these cases," it was "appropriate to deny these petitions *at this time*" in order to require Petitioners to exhaust their DTA remedies. *Id.* (statement of Stevens and Kennedy, JJ., respecting the denial of certiorari) (emphasis added).

Five Justices have thus at least made clear that, upon Petitioners' exhaustion of their DTA remedies, the Supreme Court will give serious consideration to a renewed certiorari petition seeking review of this Court's decision in *Boumediene I*. A majority of the Court, in other words, has left open the possibility that this Court's holding in *this* matter might be held erroneous and that it might therefore be appropriate to allow Petitioners' habeas cases to proceed in the district courts at some later date. Under these circumstances, it would be premature for this Court to allow issuance of the mandate, thereby effectuating its order to the district courts to dismiss Petitioners' cases for lack of jurisdiction. Rather, this Court should continue to withhold issuance of the mandate pending (1) timely filing by Petitioners of DTA petitions and (2) resolution of timely, renewed petitions for certiorari

3

in the Supreme Court challenging this Court's jurisdictional holding in *Boumediene I*.

This course of action will work no prejudice on Respondents. It will, however, save Petitioners the uncertainty accompanying attempts to "resurrect" dismissed habeas claims following exhaustion of their DTA remedies. Petitioners are concerned, for example, that if their habeas petitions are dismissed Respondents will argue in later court hearings that Petitioners may seek review only of this Court's DTA determinations. The DTA, in turn, allows challenges only to specified aspects of final decisions of the Combatant Status Review Tribunals ("CSRTs"). In sum, Petitioners anticipate filing a certiorari petition that will challenge *this* Court's holding with respect to habeas claims that were the subject of this Court's decision in *these* cases. Under these circumstances, the most economical and efficient way to proceed is for this Court to hold the issuance of its mandate in abeyance. *Cf. Home Life Ins. Co. New York v. Equitable Equip. Co., Inc.*, 694 F.2d 402 (5th Cir. 1982) (Court of Appeals "retains jurisdiction over its mandates to prevent injustice") (citing local rule).

It is immaterial that this Court held in *Boumediene I* that the federal courts no longer retain jurisdiction over the instant matter. The correctness of that jurisdictional holding is still in dispute and jurisdiction remains a live

4

issue that will be resolved with finality only after Petitioners have exhausted their DTA remedies and the Supreme Court has disposed of Petitioners' certiorari petitions challenging this Court's jurisdictional holding. It is fundamental, of course, that the courts have jurisdiction to determine their own jurisdiction. *See Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2155 (2006) (a court's "adjudicatory power is simply its authority to determine its own jurisdiction to deal further with the case"); *Ex parte Milligan*, 71 U.S. 118, 131 (1866) ("The writ issues as a matter of course; and on the return made to it the court decides whether the party applying is denied the right of proceeding any further with it.").

Withholding the mandate to allow exhaustion of DTA claims and then seek review of this Court's *Boumediene I* jurisdiction holding is also consistent with Supreme Court directives concerning the proper course of action by a federal court when presented with unexhausted habeas petitions brought pursuant to 28 U.S.C. § 2254. Where a habeas petitioner has failed to exhaust all available remedies in state court, a federal court retains discretion to keep jurisdiction over the pending habeas petition, staying the action and allowing exhaustion of remedies in the state courts rather than dismissing it. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Indeed, the Supreme Court has indicated that it would be an abuse of discretion to dismiss a petition if

5

the "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*; *see also Duncan v. Walker*, 533 U.S. 167, 182 (2001) (Stevens, J., joined by Souter, J., concurring in part and concurring in the judgment) (stating that "in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious [habeas] claim and stay further proceedings pending the complete exhaustion of state remedies").

The requested relief will aid Petitioners in receiving a speedy review of the constitutional issues presented in their habeas petitions once their DTA claims are exhausted. Their habeas petitions have been pending for nearly three years and have yet to progress substantially. Because there is a reasonable possibility that the Supreme Court will, in the not-distant future, find the jurisdictional holding in *Boumediene I* to be in error, ordering dismissal of these cases now might cause unnecessary additional delay that is contrary to the nature of habeas relief. *See Carafas v. La Vallee*, 391 U.S. 234, 238 (1968) (writ of habeas corpus, "shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person").

6

## CONCLUSION

For the foregoing reasons, this Court should withhold the issuance of the mandate in *Boumediene I* pending Petitioners' exhaustion of their DTA petitions and resolution by the Supreme Court of a renewed petition for certiorari seeking review of *Boumediene I*.

Respectfully submitted,

*David H. Remes /omk*

David H. Remes
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-2401
(202) 662-6000

Marc D. Falkoff
NORTHERN ILLINOIS UNIVERSITY
COLLEGE OF LAW
DeKalb, IL 60614
(347) 564-5043

Counsel for *Abdah* Appellees in Nos. 05-5115 and 05-5116

April 9, 2007
Washington, DC

## CERTIFICATE OF SERVICE

I hereby certify that today, April 9, 2007, I served the foregoing Appellees' Motion to Withhold Issuance of the Mandate by sending a copy by hand delivery to:

Peter D. Keisler
Jonathan F. Cohn
Douglas N. Letter
Robert M. Loeb
Catherine Y. Hancock
Civil Division, Room 7268
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC  20530-0001

Jason M. Knott
Attorney

8