Filed with Court Security Officer 5/3/07
Cleared for public filing 5/4/07

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDULSALAM ALI ABDULRAHMAN AL HELA**, *et al.*, | ) ) ) ) |
| *Petitioners*, | ) ) |
| *v.* | ) Civ. No. 05-01048 (RMU) ) |
| **GEORGE W. BUSH**, *et al.*, | ) ) |
| *Respondents*. | ) ) |
| **SAEED MOHAMMED SALEH HATIM**, *et al.*, | ) ) ) |
| *Petitioners*, | ) ) |
| *v.* | ) Civ. No. 05-01429 (RMU) ) |
| **GEORGE W. BUSH**, *et al.*, | ) ) |
| *Respondents*. | ) ) |
| **HASSAN BIN ATTASH**, *et al.*, | ) ) |
| *Petitioners*, | ) ) |
| *v.* | ) Civ. No. 05-01592 (RCL) |
| **GEORGE W. BUSH**, *et al.*, | ) ) |
| *Respondents*. | ) ) |

## OPPOSITION TO RESPONDENTS' MOTIONS TO DISMISS

Consideration of the government's motions to dismiss should be deferred pending the D.C. Circuit's disposition of motions that will clarify how these cases are to be handled in light of its decision in *Boumediene v. Bush* and *Al Odah v. United States*, and pending the Supreme

1

Court's disposition of petitions to reconsider its denial of review in those cases. If consideration of the government's motions is not deferred, the motions should be denied as premature.

    1. On April 9, 2007, following the Supreme Court's denial of certiorari, petitioners in *Al Odah* (which was consolidated with *Boumediene*) filed motions in the D.C. Circuit to stay the mandate and to govern the appeal.[1] Additionally, on April 20, 2007, Petitioners in *Abdah v. Bush*, D.C. Cir. No. 05-5127, and *Abdah v. Bush*, D.C. Cir. No. 05-5224, filed motions seeking, *inter alia*, to direct this Court not to dismiss these actions.[2] On April 27, 2007, the *Al Odah* and *Boumediene* petitioners filed petitions in the Supreme Court seeking rehearing of the denial of review in those cases. It is likely that the D.C. Circuit's disposition of these motions, and the Supreme Court's disposition of the rehearing petitions, will govern all of the Guantánamo habeas cases, not just those brought by the *Al Odah* and *Boumediene* petitioners. The government's motions are therefore premature.

    The government argues that the pendency of the motion to stay the mandate in *Boumediene* does not excuse this Court from applying that decision to habeas actions brought by detainees who are not parties to that case. Gov't Mot. 3-4 n.5. This is a red herring. Nothing requires

---

[1] In *Boumediene*, Judge Leon granted the government's motion to dismiss the Guantánamo cases before him; the D.C. Circuit affirmed. In *Al Odah*, Judge Joyce Hens Green denied in part the government's motion to dismiss the Guantánamo cases before her, the D.C. Circuit reversed. *See Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007).

[2] In *Abdah*, No. 05-5127, the government appealed this Court's order requiring the government to provide Petitioners' counsel with unredacted records of their clients' Combatant Status Review Tribunal proceedings. In *Abdah*, No. 05-5224, the government appealed this Court's order requiring the government to provide Petitioners' counsel with advance notice of contemplated transfer of their clients from Guantánamo. The D.C. Circuit has consolidated the government's appeals in those cases with the government's appeals from similar orders in the above-captioned *Al-Hela* and *Hatim* cases.

this Court to act on the government's motions to dismiss while the D.C. Circuit is considering the motions just described and the Supreme Court is considering the petitions for rehearing.³

2.   The government also apparently seeks to dissolve the protective and injunctive orders entered by the Court in this case. The government argues that the "stay-and-abey" relief requested by Petitioners (which contemplates the continued enforceability of the counsel access rules established by the protective order, orders requiring advance notice of intended transfers from Guantánamo, and other orders) would effectively impose "Court-ordered obligations where the Court has no jurisdiction to act." Gov't Mot. 7-8. The government argues that dismissal of these cases, which the government asserts *Boumediene* mandates, "would bring this Court's counsel access regime to an end." *Id*. at 10.

As just discussed, however, the government's motions to dismiss are premature. Accordingly, the orders entered by this Court, including those governing counsel access, remain in full force and effect. Moreover, contrary to the government's contention, dismissal of these cases would not result automatically in the dissolution of the protective and injunctive orders. As this Court recognized in *Adem v. Bush*, 425 F. Supp. 2d 7, 20 (D.D.C. 2006), the "Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba," entered on November 8, 2004, like all protective orders directed to future events, survives dismissal of this case and may be modified, enforced, or dissolved only by separate order of the Court.⁴ Indeed, this Court expressly "retain[ed] continuing jurisdiction to

---

³   The D.C. Circuit ordered dismissal in *Kiyemba v. Bush* and *Paracha v. Bush*, see Gov't Mot. 4 n.5, before receiving the *Al Odah* petitioners' motion to stay the mandate. Those petitioners urged in their motion that dismissal of their actions would threaten severe injury, and they announced their intention to file a petition for rehearing in the Supreme Court.

⁴   *See Gambale v. Deutsche Bank AG,* 377 F.3d 133, 140-41 (2d Cir. 2004); *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 535 (1st Cir. 1993); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *Pub. Citizen v. Liggett Group*, 858 F.2d 775, 780-82 (1st

enforce or modify the terms of [the Amended Protective] Order." *In re Guantánamo Detainee Cases*, 344 F. Supp. 2d 174, 176 (D.D.C. 2004). For the same reason, orders directed to future events (such as the orders entered by the Court requiring advance notice of intended transfers from Guantánamo and preservation of government records and counsel papers) survive dismissal of this case and may be modified, enforced, or dissolved only by separate order of the Court.[5]

The government is aware of at least some of these precedents, but it interprets them to mean that only "certain requirements of this Court's Protective Order, *i.e.*, requirements pertaining to the handling of classified and 'protected' information appropriately, retain vitality beyond the required dismissal of these cases." Gov't Mot. 8-9 n.15. In other words, even though the government attacks the orders as imposing "Court-ordered obligations where the Court has no jurisdiction to act," the government contends that it is legitimate to continue enforcing those portions of the orders that the government likes (those that constrain the detainees' counsel), while it is not legitimate to continue enforcing those portions it does not like (those that constrain the government).

The government cites no authority, and Petitioners are aware of none, that supports such cherry-picking. *Cf. SRS Techs., Inc. v. Physitron, Inc.*, 216 F.R.D. 525, 526 (N.D. Ala. 2003) (rejecting plaintiff's assertion that, under protective order in effect after settlement of underlying lawsuit, plaintiff "should now be allowed virtually unrestricted access to and use of confidential documents produced by the Defendants, but that the protective order should remain in full force

---

Cir. 1988); *Marshall v. Planz*, 347 F. Supp. 2d, 1198, 1201 (M.D. Ala. 2004); *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 499 (D. Md. 2000).

[5]  *See United States v. Swift & Co.*, 286 U.S. 106, 114 (1932); *Cobell v. Norton*, 392 F.3d 461, 467 (D.C. Cir. 2004); *Gilmore v. California*, 220 F. 3d 987, 1007 (9th Cir. 2000); *Dahlen v. Kramer Machine & Eng'g Prods. Co.*, 303 F.2d 293, 295 (10th Cir. 1961); *State Police for Automatic Ret. v. Difava*, 164 F. Supp. 2d 141, 156 (D. Mass. 2001); *EEOC v. Local 40, Int'l Ass'n of Bridge . . . Workers*, 855 F. Supp. 488, 491-92 (S.D.N.Y. 1994).

4

to protect Plaintiff's documents"). The cases cited above show that the protective and injunctive orders entered by the Court survive dismissal in their entirety, unless and until modified or dissolved by separate order of the Court.

Moreover, equitable principles dictate that the Court may not dissolve the protective and injunctive orders entered in this case without first holding an evidentiary hearing at which the government and Petitioners are heard. *See Hodge v. HUD*, 862 F.2d 859, 861 (11th Cir. 1989). The government, however, has not moved to dissolve the protective and injunctive orders entered in this case, and the Court has not held an evidentiary hearing. Were the government to file such a motion, it would bear the burden of showing why the orders, or portions of them, should be dissolved,[6] even where, as here, intervening legislation has been held to have affected the Court's jurisdiction, *see Miller v. French*, 530 U.S. 327, 345-48 (2000).

For these reasons, the Court should defer consideration of the government's motions to dismiss or, alternatively, the Court should deny the motions as premature.

<div style="margin-left: 40%">

Respectfully submitted,

/s/ David H. Remes
David H. Remes
D.C. Bar No. 370782
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-2401
(202) 662-5212 (tel)
(202) 778-5212 (fax)

</div>

---

[6]   *See SRS Techs.*, 216 F.R.D. at 529-31; *Lee Shuknecht & Sons v. P. Vigneri & Sons, Inc.*, 927 F. Supp. 610, 614-16 (W.D.N.Y. 1996); *Grundberg v. Upjohn Co.*, 140 F.R.D. 459 (D. Utah 1991); *SEC v. Samuel H. Sloan & Co.*, Nos. 71 Civ. 2695 (RJW), 74 Civ. 5729 (RJW), 1991 WL 173730 (S.D.N.Y. Aug. 29, 1991).

        Marc D. Falkoff
        D.C. Bar No. 491149
        NORTHERN ILLINOIS UNIVERSITY
        COLLEGE OF LAW
        DeKalb, IL 60614
        (347) 564-5043 (tel)

        Counsel for Petitioners

May 3, 2007
Washington, D.C.