IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ABDULSALAM ALI ABDULRAHMAN AL HELA, *et al.*, | ) ) ) ) | |
| *Petitioners*, | ) ) | Civ. No. 05-1048 (RMU) |
| *v.* | ) ) | |
| GEORGE W. BUSH, *et al.*, | ) ) ) | |
| *Respondents*. | ) ) ) | ORAL ARGUMENT REQUESTED |
| SAEED MOHAMMED SALEH HATIM and MOHAMMED NASSER YAHIA ABDULLAH KHUSSROF, *et al.*, | ) ) ) ) ) ) | |
| *Petitioners*, | ) ) | Civ. No. 05-1429 (RMU) |
| *v.* | ) ) | |
| GEORGE W. BUSH, *et al.*, | ) ) ) | |
| *Respondents*. | ) ) | |

**MOTION FOR AND MEMORANDUM IN SUPPORT OF TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Petitioners respectfully request that the Court enter a temporary restraining order and preliminary injunction compelling the government to comply with the Court's orders of June 3, 2005 and July 28, 2006 in these cases ("Habeas Orders"). In those orders, the Court granted the parties' motions for a protective order and ordered the government to give petitioners' counsel thirty days advance notice of any intent to remove petitioners from Guantánamo.[1] The government maintains that the Habeas Orders became inoperative when the Court has dismissed these

---

[1] *Al-Hela*, No. 05-1048 (Doc. 12) (Ex. A); *Hatim*, No. 05-1429 (Doc. 5) (Ex. B).

DC: 2630310-2

cases. But petitioners have filed motions to reconsider and vacate those orders. Petitioners' filing of those motions renders the orders non-final. The government must comply with the Habeas Orders pending this Court's disposition of those motions.

This request is urgent because Petitioners' counsel is scheduled to visit petitioner Hatim at Guantánamo on October 16-17, 2007. Moreover, petitioners wish to send petitioners legal mail that would be subject to government inspection and censorship before delivery to petitioners if the Habeas Orders are not in effect.[2] Finally, absent the Habeas Orders, petitioners would be subject to transfer from Guantánamo to other countries or secret overseas prisons where petitioners might be tortured or otherwise abused if counsel cannot be heard.

Petitioners request that the Court grant this preliminary relief pending the Court's disposition of their motions to reconsider and vacate. Petitioners also respectfully request a stay pending appeal if petitioners are required to seek emergency relief from the D.C. Circuit.

## BACKGROUND

On September 21, 2006, the day after this Court dismissed these cases, the government sent petitioners' counsel an email stating its view that the Dismissal Orders rendered the Habeas Orders inoperative. (Ex. D.) On September 25, 2005, petitioners' counsel sent the government an email stating their view the Dismissal Orders remained non-final, and the Habeas Orders therefore remain operative, pending the Court's disposition of petitioners' motions to vacate and dismiss. (Ex. E.) In reply, the government reiterated its position that the Dismissal Orders rendered the Habeas Orders inoperative. (Ex. F.) On September 27, 2007, petitioners' counsel asked the government to join it in a call to put the matter before the Court, but the government refused. The government also refused to agree to an expedited briefing schedule for this motion.

---

[2]   Decl. of Brent Starks, September 28, 2007. (Ex. C.)

## ARGUMENT

1.  The Court may issue a temporary retraining order to preserve the *status quo* pending a final determination of the merits of a case. *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). "[A] request for a preliminary injunction that seeks to restore the *status quo* will ordinarily be granted." 13 Moore's Federal Practice 3D § 65.20 (2004). Even when a case is on appeal and jurisdiction over the matter is vested in the Court of Appeals, a district court still has jurisdiction to issue orders preserving the *status quo*. *See* Fed. R. Civ. P. 62(c); *United States v. Philip Morris Inc.*, 314 F.3d 612, 617 (D.C. Cir. 2003); *Mylan Labs., Inc. v. Leavitt*, 495 F. Supp. 2d 43, 46 (D.D.C. 2007) (Urbina, J.).

Petitioners' motions for reconsideration of the Dismissal Orders suspends the finality of this Court's judgment. *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 267 (1978); *Int'l Ctr. for Tech. Assessment v. Leavitt*, 468 F. Supp. 2d 200, 206 (D.D.C. 2007) (Urbina, J.); *Amer. Fed'n of Gov't Employees* v. *Dist. of Columbia Fin. Responsibility and Mgmt. Assistance Auth.*, 133 F. Supp. 2d 75, 83 (D.D.C. 2001) (citing cases). *See also*, *e.g.*, *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 688 (6th Cir. 2005). Accordingly, while Petitioners' motion for reconsideration is pending, the procedures governing this action remain in effect.[3]

2.  Petitioners meet all four conditions for preliminary relief: They will suffer irreparable injury if the relief is denied. The public interest strongly favors a stay. Petitioners are likely

---

[3] The rule applied by these cases is not limited to determining when a clock will begin to run for the filing of an appeal, *see* Fed. R. App. P. 4(a). The rule applies a broader rule that the decisions of a court become "final" when the court "disassociates itself from the case." *Clay v. United States*, 537 U.S. 522, 527-28 (2003). Thus, when the Supreme Court affirms a decision by an inferior body, the body's decision becomes "final" upon issuance of the Supreme Court's mandate. *See Communist Party v. United States*, 331 F.2d 807, 810 (D.C. Cir. 1963); *see* S. Ct. R. 45.2. Similarly, a decision of the D.C. Circuit becomes final for purposes of this Court's jurisdiction when the D.C. Circuit issues the mandate. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 302 (1995). Conversely, the filing of a rehearing petition renders a decision of an appellate court non-final because it stays the mandate. S. Ct. R. 45.3; Fed. R. App. P. 41(b).

to prevail on the merits.  And the government will suffer no injury if the relief is granted.  *See Al-Fayed v. CIA,* 254 F.3d 300, 303 & n.2 (D.C. Cir. 2001).  The same factors apply in considering a motion for stay pending appeal.  *See Philip Morris Inc.*, 314 F.3d at 617; *Mylan Labs.*, 495 F. Supp. 2d at 46.[4]

*Injury to petitioners*.  As this Court undoubtedly is aware, the Habeas Orders govern all attorney-client communications in this case and permit lawyer-client communications addressing the full range of matters that would be relevant to challenging the government's factual and legal basis for the confinement.  Counsel and client may also communicate about, among other things, the likelihood of torture or other abuse if the client were to be repatriated to particular countries or secret overseas prisons.  The government takes the position that counsel may not visit or communicate with their clients *at all* until the D.C. Circuit has entered an order approving the DTA protective order, and the D.C. Circuit has been slow to enter such orders.

In addition, petitioners will suffer injury if their counsel are limited to visiting and communicating with petitioners under the procedures prescribed by the DTA protective order.  Those procedures are significantly more restrictive than those set forth in the Habeas Orders, because the scope of relief available under the DTA is more limited than the relief available under the Habeas Orders, and the D.C. Circuit, in *Bismullah*, adjudged the scope of review to be more limited as well.  For example, the government takes the position that under the DTA protective order, the government may (1) inspect privileged legal mail communications between counsel and petitioners before forwarding the mail from either party to the other, and (2) redact from legal

---

[4] These four factors "interrelate on a sliding scale and must be balanced against each other." *Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1318 (D.C. Cir. 1998).  Where the balance of hardships tips decidedly toward the movant, it will "ordinarily be enough that the [movant] has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberative investigation."  *WMATC v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977) (citation omitted).

Case 1:05-cv-01048-UNA    Document 105    Filed 10/01/2007    Page 5 of 7

mail any information that the government believes does not refer to events leading to petitioners' capture or Combatant Status Review Tribunal proceedings. *See Bismullah v. Gates*, Nos. 06-1197, 06-1397, 2007 WL 2067938, at *8-9 (D.C. Cir. July 30, 2007). In addition, the DTA protective order does not by its terms permit counsel to bring any papers into their client meetings.

Petitioners would also face irreparable injury if the thirty-day notice order is unenforceable during the pendency of petitioners' motions to reconsider and vacate. Dissolution of those orders places petitioners in danger of being removed to third countries or overseas secret prisons where they may face the risk of torture because counsel will not have been notified prior to the transfer and thus will have no ability to challenge the removal if warranted. As this Court has noted, "[s]uch an outcome would abuse the processes now put in place for the purpose of adjudicating matters on their merits." Order, *Al-Hela*, *supra* note 1, at 2; *Hatim*, *supra* note 1, at 2.

Finally, petitioners' counsel also represent other prisoners at Guantánamo who have filed habeas petitions. The judges in their cases have denied or deferred the government's motions to dismiss the cases pending the Supreme Court's disposition of *Boumediene*, and the Habeas Orders remain in effect in those cases. Applying the more restrictive DTA protective order in petitioners' cases than apply in the cases of these other prisoners will further erode counsel's relationship with petitioners.

*Public interest*. The public has a strong public interest in "ensuring that habeas petitioners have access to counsel so that they can meaningfully challenge their detention, and the courts can adjudicate their claims." *See Al-Joudi v. Bush*, 406 F. Supp. 2d 13, 22-23 (D.D.C. 2005). The government's efforts to restrict counsel's access to and communications with petitioners, on the other hand, serves no public interest, particularly given that the government remains bound by the Habeas Orders in the scores of other cases that eleven other judges of this Court have re-

5

fused to dismiss pending the Supreme Court's disposition of *Boumediene*. *Al-Hela*, Mot. to Recon., at 4 (Doc. 103); *Hatim*, Mot. to Recon., at 4 (Doc. 88).

*Likelihood of success.* To justify a grant of preliminary relief, "it will ordinarily be enough" that the issues are "so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation." *WMATC*, 559 F.2d at 844. That condition is satisfied here: The Supreme Court has granted certiorari in *Boumediene*. The D.C. Circuit has recalled the mandates in those cases and in *Kiyemba*, and has deferred consideration of the government's motions to dismiss *Al Hela* and *Hatim*, among other cases, pending the Supreme Court's disposition of *Boumediene*; and (3) eleven other judges of this Court have denied or deferred consideration of the government's motion to dismiss these actions. *Al-Hela*, Mot. to Recon., at 4 (Doc. 103); *Hatim*, Mot. to Recon., at 4 (Doc. 88).

*Injury to the government.* Maintaining the *status quo* would not injure the government. The government *consented* to entry of the habeas protective order.[5] Moreover, the government is currently complying, as it must, with the habeas protective order, and the thirty days' notice order, in the scores of other cases that other judges of this Court have refused to dismiss pending the Supreme Court's decision in *Boumediene*. As noted in petitioners' motions, the D.C. Circuit has withheld consideration of the government's appeals from those orders in petitioners' cases pending the Supreme Court's disposition of *Boumediene*.[6]

When the government is the losing party in this Court, it inevitably appeals and then insists that this Court should stay further proceedings pending guidance from the appellate courts.[7] The government then asks the D.C. Circuit to stay the government's appeals pending that court's

---

[5]  *Al-Hela* Consent Mot. at 1 (Doc. 4); *Hatim* Consent Mot. at 1 (Doc. 3).

[6]  *Al-Hela* Mot. to Recon. at 3 (Doc. 103); *Hatim* Mot. at 3 (Doc. 88).

[7]  Gov't's Mot. to Stay Proceedings Pending Related Appeals and Cont'd Coordination, *Al Hela* (May 31, 2005) (Doc. 6); *Hatim* (July 29, 2005) (Doc. 7).

decision in other cases. Petitioners, by contrast, simply ask the Court to grant preliminary relief pending the Court's disposition of their motions to reconsider and vacate.

## CONCLUSION

For the reasons set forth above, the motion should be granted.

Respectfully submitted,

/s/ David H. Remes
David H. Remes (D.C. Bar No. 370782)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
(202) 662-5212 (tel.)
(202) 778-5212 (fax)

*Counsel for Petitioners*

October 1, 2007
Washington, D.C.