# EXHIBIT 3

# GUANTANAMO PROCEDURE GUIDE FOR COUNSEL ACCESS IN DETAINEE TREATMENT ACT CASES

**1. Acknowledgment of and Compliance with Access Procedures**

Before being granted access to the detainee, Petitioner's Counsel (hereinafter "counsel"), as defined in § 2.C. of the Protective Order entered by the United States Court of Appeals for the D.C. Circuit in *Bismullah v. Gates* (hereinafter "Protective Order"), will receive a copy of the Guantanamo Procedure Guide for Counsel (hereinafter "GTMO Guide"). To have access to the detainee, counsel must agree to comply fully with these procedures in this document and must sign the attached affirmation acknowledging his/her agreement to comply, must have the necessary security clearances, and must present the Department of Justice adequate evidence of authorization to represent the detainee or the next-friend petitioner.

This affirmation will not be considered an acknowledgment by counsel that the procedures within the GTMO Guide are legally permissible. However, even if counsel elects to challenge these procedures, counsel may not knowingly disobey an obligation imposed by these procedures until such time, if any, that the procedures are modified or revoked by the United States Department of Defense or by a United States District Court or Court of Appeals, or the United States Supreme Court.

Commander, Joint Task Force-Guantanamo (hereinafter "JTF-GTMO") may suspend the privilege of visiting Guantanamo if he determines a violation of the GTMO Guide has occurred or in other appropriate circumstances. Violation of the GTMO Guide could also provide grounds for revocation of counsel's security clearance. The GTMO Guide is published in an effort to facilitate counsel's access to their clients and is consistent with the current Protective Order. However, it is not intended and does not

purport to establish any substantive or procedural rights for detainees. Moreover, nothing in the GTMO Guide shall limit the authority of the Commander of JTF-GTMO to require the imposition of additional security procedures, relating to access to the detainee based on operational requirements, security needs and military resources at JTF-GTMO. Counsel will be advised of any such changes as soon as practicable.

Visits to U.S. Naval Station Guantanamo are subject to delay or cancellation based upon the operational requirements, security needs and military resources at the base. Any such cancellation or delay of a visit is at the sole discretion of the Commander JTF-GTMO. Commander JTF-GTMO retains the authority to suspend or terminate any and all visits to U.S. Naval Station, Guantanamo.

**2. Logistics of Counsel Visits**

    **A. <u>Visit Schedule</u>**

In order to travel to Guantanamo, counsel, COUNSEL'S ASSISTANT(S), AND INTERPRETER(S)/TRANSLATOR(S) must hold a valid current United States security clearance at the secret level or higher, AS REQUIRED, or its equivalent (as determined by appropriate DoD intelligence personnel). Counsel who possess a valid security clearance shall provide, in writing, the date of their background investigation, the date such clearance was granted, the level of the clearance, and the agency that granted the clearance. Access will be granted only after DoD verification of the security clearance.

As to any visit not scheduled as of the date on which counsel executes the attached affirmation, counsel shall submit to the Department of Defense (DoD) a written request to meet with a detainee thirty (30) days in advance of the proposed visit date. Requests for visits made inside of thirty (30) days will not normally be granted.

Reasonable efforts will be made to accommodate counsel's request regarding the scheduling of a meeting. DoD will contact counsel regarding approval or disapproval of requests.

Legal visits shall take place in an area designated by Commander JTF-GTMO. No more than two attorneys plus one interpreter/translator shall visit with a detainee at one time, unless approved in advance by Commander, JTF-GTMO. Such approval will not be unreasonably withheld. Normal visitation hours are daily from 9:00 a.m. to 11:30 a.m. and 1:00 p.m. to 5:00 p.m., Monday through Friday. Detainee client meetings will not occur on Saturday, Sunday, or federal holidays. Changes to normal visitation hours (including requests to work through lunch 11:30 a.m. to 1:00 p.m.) will be permitted at the sole discretion of Commander, JTF- Guantanamo.

### B. Modifications to Visit Schedule

Any request to modify an approved visit schedule, including but not limited to, adding, removing, or substituting an attorney or support staff, shall be submitted no later than seven (7) days prior to the scheduled visit. Reasonable efforts will be made to accommodate a modification of a request made less then seven (7) days prior to the scheduled visit. Any more than two revisions to a particular approved visit request will not normally be granted, absent good cause shown. Counsel must notify the Staff Judge Advocate as soon as practicable of any anticipated cancellations of detainee meetings or expected delay in arriving for detainee meetings.

If counsel desires to modify a visit schedule after arrival at Guantanamo, counsel must submit a written request through the habeas escort to the Staff Judge Advocate

(SJA). All such requests are subject to operational limitations and requirements of JTF-GTMO.

Commander, JTF-GTMO retains the authority to modify any visit due to operational requirements or security needs. Counsel will be advised of these modifications as soon as practicable. JTF-GTMO personnel will take reasonable steps to support and to minimize any disruption of approved visits.

### C. Security Procedures for Counsel Visits

Counsel shall comply with the following security procedures and force protection safeguards. All counsel visiting any detention camp or designated meeting location shall follow the instructions and directions of the military escorts and guard force. Additionally, all military escorts and guard force members are to be treated with dignity and respect. All conflicts or concerns should be brought to the immediate attention of the SJA for resolution. Failure to follow the instructions or directions of the military escorts of guard force, as given, may result in exclusion from the detention camp or designated meeting location and/or a denial of further visitation. Counsel will not travel to anywhere on the Windward side of Naval Station Guantanamo unless specifically authorized, accompanied, and escorted by their assigned military escort.

Upon arrival at a detention camp or designated meeting location, security personnel will perform a contraband inspection of counsel for unauthorized or unapproved items using metal detectors as well as a physical inspection of counsel's bags and briefcases and, if determined necessary, a physical inspection of counsel's person. Counsel shall submit all books, briefcases, folders, files, papers or other containers being carried by them to a contraband search by JTF-GTMO personnel. Entering or exiting any

detention camp or designated meeting location for purposes of meeting with detainee clients constitutes consent to search of all persons and things for contraband.

Contraband includes any physical items or prohibited information as described herein. This includes, but is not limited to the following: physical items such as weapons, drugs, or items of value; anything that could be considered detrimental to the security, good order, and discipline of Camp Delta. It also includes correspondence, documents, electronic media, or similar materials (other than information in material cleared and stamped as legal mail by the Privilege Team) relating to: any military, intelligence, security or law enforcement operations, investigations, arrests, or the results of such activities by any nation or agency; current political or military events in any country; historical perspectives or discussions on jihadist activities; security procedures at Guantanamo, including names of personnel and the layout of camp facilities; information pertaining to assignment or reassignment of present and former detention personnel; information regarding the status or detention of former and current detainees; changes to detention facilities; operation of the detention facility or changes to security procedures at Guantanamo; or any material Commander, JTF-GTMO, or his designee, has otherwise deemed to be impermissible or inappropriate for a detainee to possess. Contraband found during an inspection or cursory scan is subject to seizure and examination by JTF-GTMO personnel.

Any written communication bearing an approval marking from the DoD Privilege Team or the Commander, JTF-GTMO shall not be considered to be written contraband. Any written materials that counsel seek to bring into a meeting with a detainee, with the exception of blank paper, not bearing an appropriate approval marking from the DoD

5

Privilege Team or the Commander, JTF-GTMO, will not as a rule be permitted. JTF-GTMO may in its discretion review and permit such items to be brought into the meeting. There is, however, no right to such review. Further, the availability of such review and the manner of the review is subject to the discretion of JTF-GTMO.

Counsel will meet with a detainee in designated meeting locations provided by JTF-GTMO. Meetings are subject to visual monitoring by closed circuit TV or visual observation, including through an open door for safety and security reasons.

Counsel shall not be permitted to interview or question members of JTF-GTMO about their duties or interactions with detainees without first obtaining permission from Commander, JTF-GTMO.

Nothing in the Guide shall limit the authority of the Commander of JTF-GTMO to require the imposition of additional security procedures, relating to access to the detainee and the legal mail process, based on the security needs and military resources at the Base.

### D.  Counsel Badges

While visiting Guantanamo, counsel will be issued a visitor's badge. Counsel are not permitted to damage, tamper with, alter, copy, photograph, or otherwise reproduce these badges in any way. These badges are property of JTF-GTMO and must be surrendered each night prior to returning to the Leeward side of the base and prior to leaving Guantanamo. Any lost badges must be immediately reported to the Staff Judge Advocate.

Any violation of this requirement may constitute grounds for suspension or revocation of counsel's security clearance or other sanctions.

### E. Electronic Devices

No electronic communication or recording devices are permitted on the Windward side of Naval Station, Guantanamo. This includes, but is not limited to, recording devices, cameras, cellular or satellite phones, personal digital assistants (PDAs), laptops, MP3 players, portable electronic devices and related equipment.

If any such devices are brought to the Windward side of the Naval Station, they are subject to confiscation and surrender to JTF-GTMO personnel. Such devices will be held until all saved or recorded information can be accessed and reviewed, and any information or data saved or recorded on the device at the time of surrender may be destroyed.

### F. Photography and Recording

Photography or recording of any type (e.g., audio and video) is prohibited on the entirety of U.S. Naval Station, Guantanamo (both the Windward and Leeward sides) without the prior approval of Commander, JTF-GTMO. If approval is granted for such requests, any photographs or recordings must be screened by JTF-GTMO prior to being taken or transmitted from Naval Station Guantanamo, in any medium.

### G. Telephone Access

There is no right to telephonic access to a detainee. Requests for telephonic access to the detainee by counsel may be considered on a case-by-case basis due to special circumstances and must be submitted to the Staff Judge Advocate, JTF-GTMO.

Any telephonic access by counsel will be subject to appropriate security procedures, which may include, *inter alia*, contemporaneous monitoring by the DoD privilege team.

3. **Mail Procedures**

   A. <u>**Mail Sent by Counsel to Detainee (Incoming Mail)**</u>

   *Legal Mail*

   In accordance with § 3.A of the Protective Order, legal mail, as defined by § 2.I of the Protective Order, shall be subject to content review for prohibited information and security review for physical contraband by the DoD Privilege Team. See Protective Order § 3.B.

   Counsel shall send incoming legal mail for a detainee to the DoD Privilege Team to the following address: Privilege Team, c/o Court Security Officer, 1235 South Clark Street, Suite 210, Crystal Gateway 1, Arlington, Virginia 22202. Each envelope or mailer shall be labeled with the name and Internment Serial Number (ISN) of the detainee and shall include a return address for counsel sending the materials. The outside of the envelope or mailer for incoming legal mail shall be labeled clearly with the following annotation: "Attorney-Detainee Materials-For Mail Delivery to Detainee." Each page of legal mail shall be labeled "Attorney-Detainee Materials." No staples, paper clips or any non-paper items shall be included with the documents.

   Upon receiving legal mail, the DoD Privilege Team shall open the envelope or mailer to search the contents for prohibited physical contraband. In addition, the DoD Privilege Team may redact or screen out written material not meeting the definition of "Legal Mail." See Protective Order § 3.B. In the event the DoD Privilege Team proposes to redact or screen out material sent from counsel to a detainee, counsel for that Detainee must be notified. See Protective Order § 3.C.

Following its review, the DoD Privilege Team shall send legal mail approved for delivery to the detainee to personnel at Guantanamo Bay. The DoD Privilege Team is not required to send legal mail to personnel at Guantanamo Bay in the event of a dispute with counsel regarding the presence of contraband and/or the screening or redacting of information from legal mail. Each page of legal mail that is approved for delivery to the detainee by DoD Privilege Team shall be marked/stamped "Legal Mail Approved by Privilege Team" and placed in a sealed envelope bearing the same marking on the exterior. Within three (3) business days of receipt of legal mail from the DoD Privilege Team, personnel at Guantanamo shall deliver the envelope bearing the approved DoD Privilege Team marking to the detainee without opening the envelope. In the event an envelope approved by the DoD Privilege Team arrives at Guantanamo bearing evidence of tampering or physical contraband, JTF-GTMO personnel retain the authority to return the envelope, without opening it, to the DoD Privilege Team for appropriate action.

The detainee shall be responsible for mailing any confirmation of delivery to counsel as outgoing legal mail. This method shall be the sole and exclusive means by which confirmation of delivery is provided to counsel.

*Non-Legal Mail*

Written correspondence to a detainee not falling within the legal mail definition of the Protective Order (also referred to as non-legal mail) shall be sent through the United States Postal Service to the following address: Detainee's Name and ISN, U.S. Naval Base, Guantanamo Bay, Cuba, Washington, D.C. 20355. These non-privileged communications will be reviewed by military personnel at Guantanamo under the standard operating procedures for detainee non-legal mail.

9

### B. Mail Sent by Detainee to Counsel (Outgoing Legal Mail)

*Legal Mail*

Guantanamo will provide each detainee with paper to prepare legal mail communications to counsel. Access to such items may be limited or restricted because of the detainee's disciplinary and/or medical status, although a detainee's disciplinary status shall not be a basis for denying all access to such items. In the presence of military personnel, the detainee will seal the written communication into an envelope and it will be annotated as "Attorney-Detainee Materials-For Mail Delivery To Counsel." Each envelope shall be labeled with the name of the detainee, the detainee's ISN and the name of the detainee's counsel. Any outgoing legal mail will be handled and treated as classified information, as defined by § 2.E of the Protective Order, pending an appropriate classification review of the legal mail. Envelopes annotated with the name of persons other the detainee's counsel (including family/friends or other attorneys) shall be processed according to the standard operating procedures for detainee non-legal mail.

Military personnel will collect the outgoing legal mail within three (3) business days of being notified by the detainee that the communication is prepared for sealing and mailing. After the outgoing legal mail is collected from the detainee, Guantanamo personnel shall seal the envelope and place it into a larger envelope marked "Attorney-Detainee Materials-For Mail Delivery To Counsel" and annotate the larger envelope with the name of the detainee, his ISN and his counsel. The envelope will be sealed and mailed in the manner required for classified materials at the secret level. Within three (3) business days of receipt from the detainee, the communication will be mailed to the DoD Privilege Team.

*Non-Legal Mail*

Non-legal mail communications from detainees, including written communications to persons other than counsel, shall be sent through the United States Postal Service and are subject to ordinary review by military personnel at Guantanamo under the standard operating procedures for detainee non-legal mail. Any envelope or communication submitted by a detainee to Guantanamo personnel for mailing will be processed as non-legal mail unless the envelope or communication meets the criteria for legal mail listed above.

In the event any non-legal correspondence or messages from a detainee to individuals other than his counsel (including but not limited to family/friends or other attorneys) or communications not generated by the detainee (*e.g.*, notes from other detainees) are sent to counsel as legal mail, the DoD Privilege Team shall notify counsel that the material will not be processed and the DoD Privilege Team shall return the communication to Guantanamo for processing according to the standard operating procedures for detainee non-legal mail. In the event non-legal communications are included with legal mail communications such that the non-legal mail communication cannot be segregated and returned to Guantanamo for processing in accordance with standard operating procedures for non-legal mail, the DoD Privilege Team shall redact or screen out any material not meeting the definition of "Legal Mail."

**4. Materials Brought Into A Meeting With Detainee And Counsel**

Counsel shall bring only writing utensils and blank paper into any meeting with a detainee, unless counsel has received prior approval from Commander, Joint Task Force-

11

Guantanamo or the material has been cleared and stamped by the Privilege Team as legal mail. Blank paper may not be left with counsel's detainee-client.

### A. Categories of Materials

*Legal Mail*

All legal mail counsel seeks to bring to a meeting with a detainee must be processed pursuant to the general procedures set out in § 3.A of this document. Each page of legal mail that counsel seek to bring into a meeting with a detainee following screening by the DoD Privilege Team must be marked/stamped by the DoD Privilege Team with the following annotation: "Legal Mail Approved by Privilege Team." Commander, JTF-GTMO, after confirming that the materials are stamped as indicated above, will permit counsel to bring stamped materials into a meeting with a detainee-client subject to the contraband screening policies discussed above. Counsel are responsible for submitting to the DoD Privilege Team any legal mail that they seek to hand-carry into the meeting that they seek to have reviewed by the DoD Privilege Team twenty-one (21) days in advance of counsel's scheduled visit in order to allow the DoD Privilege Team to review the documents and return them to counsel.

*Non-Legal Mail*

With the exception of writing utensils, blank paper, and legal mail screened as discussed above, any communications or physical items that counsel seek to bring into a meeting must be approved in advance by the Commander, JTF-GTMO. All such non-legal items submitted for advanced review in connection with a counsel visit must be received by Guantanamo through the United States Postal Service twenty-one (21) days in advance of counsel's requested visit. Counsel may send non-legal materials to the

following address: Detainee's Name and ISN, U.S. Naval Base, Guantanamo Bay, Cuba, Washington, D.C. 20355. Review of this material will be conducted as resources allow and include both a physical contraband inspection as well as a substantive review of any written content. There is no guarantee that this non-legal material will be processed and approved in advance of a visit. Nonetheless, providing material in advance will speed up processing and increase the likelihood that material requested will be allowed to be carried into a meeting with the detainee.

*Food Items*

Counsel may bring food items into a meeting, but all authorized food items must be consumed during the visit or removed by counsel. JTF-GTMO personnel will inspect all food items. Any food item may not be allowed into a meeting location if it is determined by guard personnel that the proposed items constitute a hazard or other security issue. Counsel must ensure that all food items not consumed and packaging and debris are collected from the meeting area prior to each departure. Counsel agree to notify the guards if the detainee keeps and/or refuses to return any item brought in by counsel that the detainee is not authorized to keep. Failure to notify the guards can result in a loss of the privilege to bring food items to future meetings. Flowers, balloons and other similar items are expressly prohibited.

**5. Materials Brought Out Of A Meeting With Detainee and Counsel**

Upon the completion of each meeting with a detainee or during any break in a meeting session, counsel will give the notes or documents used or produced during the meeting to a designated individual at JTF-GTMO. These materials will be sealed in the presence of counsel and will be handled as classified material as required by Executive

Order 12958, DOD Regulation 5200.1-R and AI 26,OSD Information Security Supplement to DOD Regulation 5200.1R.

Upon the completion of the counsel's visit to JTF-GTMO, the notes or documents used or produced during the visit shall be sealed in the presence of counsel and placed in an envelope labeled as "Attorney-Detainee Meeting Documents–For Delivery to Counsel." The envelope shall be sealed into a larger envelope by military personnel at Guantanamo which shall be marked as "Attorney-Detainee Meeting Documents-For Mail Delivery To Counsel" and shall be annotated with the name of the detainee and the counsel. The envelope shall be sealed and mailed in the manner required for classified materials. Within two (2) business days following the completion of the counsel's visit to Guantanamo, the package shall be mailed to the DoD Privilege Team. The DoD Privilege Team will make the materials available to counsel at a physical facility accredited or approved for the storage, handling and control of classified information (a secure facility). The materials may not be removed from the secure facility until the materials have been determined to be unclassified by appropriate U.S. Government officials.

If during a meeting a detainee provides counsel with communications or messages from a detainee to individuals other than his counsel (including family/friends or other attorneys) or communications not generated by the detainee/client, counsel shall provide those communications to military personnel at Guantanamo. Such communications will be processed as non-legal mail by JTF-GTMO. If such non-legal communications are included in the envelope of materials sent to the DoD Privilege Team following counsel's meeting with the detainee, counsel will be notified that the non-legal material will not be

processed by the DoD Privilege Team and the DoD Privilege Team will return the material to JTF-GTMO for processing as non-legal mail. In the event non-legal communications are included with legal mail communications such that the non-legal mail communication cannot be segregated and returned to Guantanamo for processing in accordance with standard operating procedures for non-legal mail, the DoD Privilege Team shall redact or screen out any material not meeting the definition of "Legal Mail."

During a meeting with a detainee, counsel may provide a detainee with any written documents approved by JTF-GTMO to be brought into the meeting. The detainee will be permitted to bring all such documents back to his cell at the conclusion of the meeting, subject to an appropriate contraband review by JTF-GTMO. The detainee may also bring back to his cell any documents, notes, or communications created by the detainee and/or counsel during the course of the meeting, subject to an appropriate contraband review by JTF-GTMO.

**6. Classification Determination of Communications Between Detainee and Counsel**

In accordance with § 4.A of the Protective Order, all materials sent by a detainee to counsel or brought out of a meeting for a detainee by counsel will be handled and treated as classified information, as defined by § 2.E of the Protective Order, pending an appropriate classification review.

    **A. <u>Classification Request of Detainee Communications</u>**

In accordance with § 4.J of the Protective Order, counsel may submit information learned from a detainee to the DoD Privilege Team for a classification and security review which may result in a determination of its appropriate security classification and whether it contains protected material. Counsel shall memorialize the information

15

submitted for classification and security review into a written memorandum outlining as specifically as possible the information for which counsel requests a classification determination. All documents submitted for classification and security review shall be prepared, handled and treated in the manner required for classified materials, as required by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R.

Materials provided by counsel to the DoD Privilege Team must be in legible handwriting or transcribed by typewriter or computer. Materials that the Government determines are not legible will be returned to the secure area and counsel will be required to transcribe those materials into type-written form. Materials that are not in English must be accompanied by an English translation. Each page of the document submitted for classification review shall be marked "Attorney-Detainee Materials" and "Classified." Materials that do not comply with these requirements will not be processed, and will be returned to counsel within five (5) business days.

As soon as possible after conducting the classification and security review, the DoD Privilege Team shall advise counsel of the classification levels of the information contained in the materials submitted for review. The privilege team will also designate material as "protected." Pursuant to §§ 5.A and 5.C of the Protective Order, counsel shall not publicly disclose information designated as "protected." If counsel seeks to use the information in a public court filing, the document should be filed through the Court Security Officer and the Government would then have the opportunity to have the material maintained under seal as protected (pursuant to § 5 of the Protective Order).

The DoD Privilege Team shall not be required to perform classification review of any communications that fall outside the scope of legal mail, as defined by the Protective Order. Communications not reviewed by the DoD Privilege Team, as well as material redacted or screened out by the DoD Privilege Team, shall remain presumptively classified.

If, at any time, the DoD Privilege Team determines that information in the documents submitted for classification review involve any future event that threatens national security or is likely to involve violence, the DoD Privilege Team will disclose this information to Commander, JTF-GTMO and provide contemporaneous notice to counsel in accordance with § 4.J of the Protective Order.

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he/she has read the Guide, understands its terms, and agrees to be bound by each of those terms. The undersigned acknowledges that his/her duties under the Guide shall survive the termination of this case, are permanently binding, and that failure to comply with the terms of the Guide could provide grounds for revocation of counsel's security clearance and/or suspension or termination of counsel's access to Guantanamo.


DATED: _____ BY: _____
                                                         (type or print name)

SIGNED:_____