~~TOP SECRET~~

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED WITH THE
COURT SECURITY OFFICER
CSO: _____
DATE: 2/16/2011

ABDULSALAM ALI ABDULRAHMAN AL-HELA, :
:
Petitioner, : Civil Action No.: 05-1048
:
v. :
:
BARACK OBAMA, *et al.*, :
:
Respondents. :

## MEMORANDUM ORDER

### DIRECTING THE GOVERNMENT TO SUBMIT SUPPLEMENTAL BRIEFING

This matter comes before the court on the government's first and third *ex parte* motions for exceptions from disclosure pursuant to § I.F of the Amended Case Management Order ("CMO"). In both motions, the government requests permission to withhold in full or in part approximately ▆▆▆▆ documents that "involv[e] information subject to [the government's] disclosure obligation under the Amended CMO." Govt's 3d Mot. at 1; *see also* Govt's 1st Mot at 1.

In support of its motions, the government relies on declarations ▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ These declarations purport to describe ▆▆▆▆▆▆▆▆▆▆▆▆▆▆ that are the basis of the government's motions, and the reasons why these documents must not be disclosed to the petitioner or his counsel. ▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆ Neither declaration, however, provides a rigorous and specific assessment of the materiality of the information contained in each of the

documents. Instead, the declarations note that certain information contained in each of the documents is "arguably exculpatory," and then proceed to explain why disclosure could cause significant damage to the national security. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

A district court may only compel the disclosure of classified information after determining, *inter alia*, that "that the information is both relevant and material – in the sense that it is at least helpful to the petitioner's habeas case." *Al Odah v. United States*, 559 F.3d 539, 544-45 (D.C. Cir. 2009). Although the court will not rely on the government's assessment as to what documents may be material to the petitioner's case, *id.* at 545 (noting that the court is responsible for making its own materiality determination when unredacted infomation is submitted to the court), the court may demand that the government provide its own "*particularized* assessment of whether the information [it seeks to withhold] is material," *id.* at 546. As the Circuit has recognized, "[s]uch a proffer, combined with an explanation of why nondisclosure is warranted, is necessary for meaningful judicial decisionmaking." *Id.* Indeed, "if the court determines that the assistance of petitioner's counsel would facilitate the making of a materiality determination," it may "compel[] the government to produce an unclassified substitution that will enable counsel to assist the court." *Id.* at 547.

The court has scrutinized the ▓▓▓▓▓▓▓ declarations as well as the government's first and third *ex parte* motions and is dissatisfied with the government's attempts to assess the materiality of the information it seeks to withhold. Instead of providing a detailed materiality assessment with regard to each document, the

~~TOP SECRET~~

government's discussion focuses almost exclusively on its reasons why disclosure would imperil national security.

The court therefore orders the government to provide an analytically aggressive assessment of the materiality issue for each document. Moreover, in making such an assessment, the court reminds the government that material information is not limited to that information which the government relies upon to show that a detainee is an enemy combatant. *Al Odah*, 559 F.3d at 546. This Circuit has clarified that information is material not only if it tends to shows that the petitioner is *not* an enemy combatant but also if it indicates that the information relied upon by the government is unreliable. *Id.* The court expects the government to apply such parameters when conducting its materiality assessment.

Additionally, the government shall provide a brief description of the information contained in each document and any contextual background information that is necessary to fully appreciate the materiality of the document. The government shall also indicate if the document is part of the factual return and, if so, provide the corresponding factual return exhibit number. Similarly, the government shall indicate which, if any, documents (aside from those provided in the factual return) have been provided to the petitioner in redacted form and shall provide the court with copies of the redacted versions of those documents. Finally, the government shall provide to the court copies of the ▓▓▓ documents, *i.e.* attachments 1 and 2 of its third *ex parte* motion, as well as any future documents responsive to this order in a three-ring binder.

3

~~TOP SECRET~~

Accordingly, it is this 15th day of February, 2011, hereby

**ORDERED** that the government shall provide supplemental briefing conforming with the aforementioned parameters by March 15, 2011.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge