**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————— )
                                                    )
**ABDULSALAM ALI ABDULRAHMAN**  )
**AL-HELA**                                       )
                                                    )
          *Petitioner*,                          )
                                                    )
          *v.*                                      )          **Civil Case No. 05-1048 (RCL)**
                                                    )
**DONALD J. TRUMP**, *et al.*,          )
                                                    )
          *Respondents.*                       )
———————————————————— )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**PETITIONER'S MOTION TO ALLOW PETITIONER'S TESTIMONY TO BE HEARD**
**BY THE COURT IN PERSON AT THE SITE OF PETITIONER'S DETENTION,**
**BY DEPOSITION IF NECESSARY**

Petitioner hereby responds to the Court's invitation, made at the April 25, 2017, hearing in this matter, to submit authority in support of his request that the Court hear his testimony in person at the Guantanamo Bay Naval Base.  The Government refused to consent to this request, and argued that Rule 77(b) of the Federal Rules of Civil Procedure barred Petitioner's request in the absence of the Government's consent.

As set forth below, Petitioner respectfully submits that the Court has authority to allow Petitioner to testify by deposition in this matter, and requests that the Court exercise its authority under Rule 53 to appoint itself as a special master to supervise this deposition in person.  This would allow Petitioner to offer his testimony face-to-face while avoiding any conflict with Rule 77(b).  In the alternative, Petitioner asks that the Court rule that Rule 77(b) does not bar it from conducting a portion of the trial proceedings at the site of his detention to hear his testimony in person, in order to give Petitioner a meaningful opportunity to exercise his constitutional right to pursue habeas relief.

I.    **PETITIONER REQUESTS THAT HE BE ALLOWED TO TESTIFY BY
      DEPOSITION, AND THAT THE COURT APPOINT ITSELF AS A SPECIAL
      MASTER TO SUPERVISE THIS DEPOSITION.**

Petitioner respectfully requests that the Court appoint itself a special master to supervise
his deposition in person, thereby enabling the Court to hear his testimony at Guantanamo Bay,
pursuant to Rules 32, 45, and 53 of the Federal Rules of Civil Procedure.  Doing so presents no
conflict with Rule 77(b).

Rule 32 authorizes witnesses to testify by deposition if they are unavailable to attend
trial, including when the witness is located more than 100 miles from the place of the trial or
cannot attend due to imprisonment.  Fed. R. Civ. P. 32(a)(4).  Petitioner meets all of these
conditions:  He is unavailable to attend the trial, he is located more than 100 miles from the place
of the trial, and he cannot attend due to imprisonment and because Congress has prohibited his
entry into the United States for any purpose.  *See* National Defense Authorization Act for Fiscal
Year 2017, § 1032.

Rule 45 provides that a deposition can occur outside of the district in which litigation is
taking place.  *See* Fed. R. Civ. P. 45(c).  Rule 53 authorizes the Court to appoint a special master
to supervise depositions.  *See* Fed. R. Civ. P. 53(a), (c); *Moreland v. State Farm Mutual Auto.
Ins. Co.*, No. 06-cv-01075-REB-MJW, 2007 WL 1033453, at *2 (D. Colo. Apr. 3, 2007)
(appointing special master with the authority to attend and supervise depositions); *In re: St. Jude
Medical, Inc. Silzone Heart Valves Prod. Liability Litigation*, No. MDL 01-1396 (JRTFLN),
2003 WL 21011306 (D. Minn. Apr. 4, 2003) (same); *In re: Application to Take Testimony in
Criminal Case Outside District*, 102 F.R.D. 521 at 524 (E.D.N.Y. 1984) ("The Federal Rules of
Civil Procedure allow appointment of a special master to take testimony pursuant to Rule 45.").
Rule 53 permits a federal judge to appoint itself as a master to attend and supervise out-of-

district depositions.  *See, e.g.*, *id.* ("[I]t is not uncommon practice for a judge who wishes to take evidence outside the district to appoint himself a special master to do so.").

Rule 77(b)'s "consent" requirement is no bar to the Court's proceeding as a special master as outlined above.  Although Rule 77(b) provides that "hearing[s]" must be held within the district unless all parties consent, it also provides that "[a]ny other act or proceeding may be done or conducted . . . anywhere inside or outside the district," with no "consent" limitation.  As noted, under Rule 45 a deposition (which is not a "hearing") can occur outside of the district in which litigation is taking place.  *See* Fed. R. Civ. P. 45(c); *see also* DC R USDCT LCvR 30.1 (addressing depositions taking place more than 50 miles from the District of Columbia).

Conducting a deposition at the Guantanamo Bay Naval Base is not the same as conducting a deposition in England or some other foreign country.  The Supreme Court in *Boumediene* took explicit "notice of the obvious and uncontested fact that the United States, by virtue of its complete jurisdiction and control over the base, maintains *de facto* sovereignty over the territory."  *Boumediene v. Bush*, 553 U.S. 723, 755 (2008).  It explained that, "[i]n every practical sense, Guantanamo is not abroad; it is within the constant jurisdiction of the United States."  *Id.* at 769.

For these reasons, Petitioner may testify by deposition at trial, and this Court has the authority to supervise Petitioner's deposition at Guantanamo Bay as a self-appointed special master.  This deposition would not constitute a "trial on the merits" or a "hearing" under Rule 77(b), and thus is not barred by Rule 77(b) and does not require the consent of the Government. The deposition transcript, of course, would be admissible in Petitioner's habeas trial.

## II.   IN THE ALTERNATIVE, PETITIONER REQUESTS THAT THE COURT HOLD A PORTION OF PETITIONER'S TRIAL AT THE SITE OF PETITIONER'S DETENTION.

In the alternative, Petitioner requests that the Court hold a portion of Petitioner's trial at the site of Petitioner's detention in order to allow Petitioner meaningfully to exercise his constitutional right to petition the court for habeas relief.

Although Rule 77(b) provides that both parties must consent to a "hearing" that occurs outside the district in which the case is being litigated, the rule cannot be applied in a way that undermines the right to a meaningful habeas proceeding.. The Supreme Court has recognized that the constitutional right to the writ of habeas corpus is of "first importance," and that "[i]f a detainee can present reasonably available evidence demonstrating there is no basis for his continued detention, he must have the opportunity to present this evidence to a habeas corpus court." *Boumediene*, 553 U.S. at 790, 798.  Accordingly, the Court has held that procedures that do not provide an adequate opportunity for a detainee to present such evidence do not pass constitutional muster.  *Id.* at 790.

The ability of a witness to provide live testimony can be critical to the fact-finding process.  The Federal Rules of Civil Procedure adopt a strong preference for live testimony, allowing for video transmission of testimony only "[f]or good cause in compelling circumstances, and with appropriate safeguards."  Fed. R. Civ. P. 43(a).  The commentary to this rule recognizes that "[t]he importance of presenting live testimony in court cannot be forgotten," in part because "[t]he opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition."  *Id.* advisory comm. note (1996).  For this reason, as one court noted, "[t]he practice of taking testimony and conducting hearings at the sickbed or in a hospital or home is well known."  *See In re: Application to Take Testimony*, 102 F.R.D. at 524.  This

court also reasoned that "[t]here is no sound reason why, if a sick person happens to be outside the geographic district, justice should be frustrated." *Id.*

In the ordinary case, parties that are subject to the personal jurisdiction of a court can fairly be expected to travel to the relevant district in order to participate in a hearing. As with a sick or dying witness, however, Petitioner's case is not an ordinary one—as a non-citizen detainee in Guantanamo Bay, Petitioner is barred by statute from travelling to the United States to testify at trial. *See* National Defense Authorization Act for Fiscal Year 2017, § 1032. These exceptional circumstances, coupled with the vital constitutional importance of Petitioner's habeas corpus rights, require departure from Rule 77(b) in this instance. Accordingly, Petitioner respectfully requests, in the alternative, that the Court take Petitioner's trial testimony at the site of his detention.

**CONCLUSION**

For the reasons stated above, Petitioner respectfully moves the Court to allow Petitioner

to testify by deposition, and asks that the Court exercise its authority to appoint itself as a special

master to oversee Petitioner's deposition.  In the alternative, Petitioner respectfully moves this

Court to conduct a portion of Petitioner's trial proceedings at the Guantanamo Bay Naval Base in

order to hear his testimony in person.


Respectfully submitted,

*/s/  Brian E. Foster*
S. William Livingston
D.C. Bar No. 59055
Brian E. Foster
D.C. Bar No. 988311
Cyril Djoukeng
D.C. Bar No. 995469
Covington & Burling LLP
One CityCenter
850 Tenth Street, N.W.
Washington, D.C.  20001-4956
(202) 662-6000 (phone)
(202) 662-6291 (fax)
wlivingston@cov.com
bfoster@cov.com
cdjoukeng@cov.com

David H. Remes
D.C. Bar. No. 370372
APPEAL FOR JUSTICE
1106 Noyes Drive
Silver Spring, MD 20910
(202) 669-6508 (phone)
remesdh@gmail.com

*Attorneys for Petitioner*
*Abdulsalam Ali Abdulrahman Al-Hela*

May 4, 2017